# Wheeling.

NELSON HILL, ADM'R, *et al. vs.* RUFFNER *et al.*

August Term, 1869.

Where deeds do not upon their face show any trust to be held upon land therein conveyed, which land has been sold to third parties, judgments against parties who are alleged to be secret beneficiaries in such deeds, cannot be enforced against the lands in the hands of the third parties, who are innocent purchasers without notice.

This cause came from Kanawha county. The only question presented for the consideration of this court was that arising upon the matter of the lien of the judgments of Hill, administrator, and others.

The opinion of the judge delivering it here, presents the essential features of the case.

*B. H. Smith* for the appellees.

MAXWELL, J. On the 20th day of June, in the year 1847, Andrew Donnally and wife, by deed with general warranty, conveyed to one John Lewis several parcels of real estate situated in the county of Kanawha.

On the 27th day of July, in the year 1850, the said John Lewis and wife, by deed with special warranty, conveyed the same property to Andrew F. Donnally.

On the 28th day of July, 1853, the said Andrew F. Donnally and wife, by deed with covenants of general warranty, conveyed a portion of said property to Milton Parker.

On the 23d day of September, 1853, the said Milton Parker and wife, by deed with general warranty, conveyed the portion of the property which had been conveyed to him by the said Andrew F. Donnally, to Charles Gould

COURT OF APPEALS OF WEST VIRGINIA.    539

Aug. Term,         Hill, adm'r, *et al.* *vs.* Ruffner *et al.*         1869.

and Willard Parker, all of which deeds were at the time of their respective execution regularly acknowledged and admitted to record in the county of Kanawha.

A number of judgments were obtained against Dryden Donnally and Van B. Donnally, between the years 1846 and 1850, and during those years, and were within the time allowed by law, properly docketed in the said county of Kanawha.

The judgment creditors of Dryden Donnally and Van B. Donnally filed their bill and charged that all the land conveyed to Lewis, and by him conveyed to Andrew F. Donnally, was in fact conveyed and held in secret trust for the use and benefit of said Dryden and Van B. Donnally, which charge is fully sustained by the evidence in the cause, there being no indication whatever of any such trust on the face of either of said conveyances.    The creditors claim that all of this property, including that portion sold and conveyed by Andrew F. Donnally to Milton Parker, and now owned by Gould and Willard Parker is liable to the payment of their judgments.

The sole question presented for the consideration of this court is whether or not that portion of the property conveyed to and held by Gould and Parker is liable for the payment of the said judgments.    It is charged in the bill that Gould and Willard Parker at the time they made their purchase had notice that the said property had been held in trust as aforesaid for the purpose aforesaid, but the charge is positively and plainly denied, and there is no evidence whatever to sustain it.

Therefore, the property conveyed to Gould and Willard Parker cannot be charged with the said judgments.

The decree complained of will have to be affirmed, with damages and costs to the appellees.

The other judges concurred.

DECREE AFFIRMED.