# CHARLESTOWN.

## BOOK *v.* BOOK.

Submitted June 9, 1884—Decided September 20, 1884.

1. Where the defendant in a chancery suit dies, the cause may be revived either by the bill of revivor or by *scire facias.* (p. 589.)

2. Where the decree complained of was rendered upon a bill taken for confessed as to some of the appellants, and such appellants have made no motion in the court below under the provisions of chapter 134 of the Code to have the decree reversed, they have no right to appeal. (p. 589.)

3. Where the decree shows that the cause was heard upon the answer of an infant defendant by guardian *ad litem*, and several years after defendant in her own name appeals, and nothing appears to the court that she is still an infant, the Appellate Court will assume that she has attained her majority and will entertain her appeal. (p. 589.)

4. Unless the record shows that there are other liens upon the land sought to be charged in addition to those appearing in the bill, the cause will not be referred to a commissioner to ascertain the liens thereon. (p. 590.)

5. A second deed of trust executed on land does not convey the legal title but only the equity of redemption. (p. 590.)

6. Where a suit is instituted to subject land to the liens charged thereon, and after a decree is rendered to sell the land, the debtor executes a second deed of trust on said land and then dies, and the cause is revived, and after the trustee and *cestui que trust* in the second deed have been made defendants to the suit and served with process, the trustee sells the land and sets up said sale in his answer to the bill and brings the purchase-money into court, it is error for the court to affirm such sale and order the trustee to complete it by conveying the land to the purchaser, and order the proceeds to be paid to the prior lienors on said land. (p. 590.)

The facts of the case are stated in the opinion of the Court.

*Fontaine Smith* for appellant.

*James Morrow, Jr.,* for appellee.

JOHNSON PRESIDENT:

William Bock in 1874 filed his bill in the circuit court of
Marion county to enforce the lien of a judgment against a
tract of land owned by the defendant, John Bock.   In the
bill he alleged that there was a prior trust-lien on the prop-
erty.   John Bock answered the bill admitting the liens.   On
the 21st day of October, 1875, the court entered a decree
fixing the priority of the liens and ordering commissioners to
sell the land for the payment thereof.   John Bock having
died, the plaintiffs on the 15th day of December, 1878, sued
out process against the administrator and heirs of John
Bock to answer a bill of revivor to be filed in said suit.   At
rules on the first Monday of January, 1878, the bill of
revivor was filed, making the proper allegations, and among
others that Martha Bock, one of said heirs, was an infant,
also that since the rendition of the decree in 1875, Rawley
Morris, trustee, and William E. Drummond by virtue of a
deed of trust executed by John Bock to secure the payment
to said Drummond of a certain debt, had acquired interests
in said land.

The infant defendant by her *guardian ad litem* at April
rules, 1878, answered the said bill.

Rawley Morris answered the bill, averring that on the
10th day of March, 1876, John Bock conveyed the land in
the original bill mentioned in trust to secure the payment to
William E. Drummond of a certain debt; that being
required by said Drummond he advertised the land for sale
to satisfy said trust and on the 8th day of January, 1878,
"sold said land according to the provisions of the statute in
such case made and provided, and in pursuance of the
power contained in said deed of trust;" that at said sale
William E. Drummond became the purchaser at the price of
one thousand and fifteen dollars, which sum he paid to re-
spondent in cash; "but before the defendant made any deed
of conveyance to said purchaser, and before he had made any
application of said purchase-money, he was made a defend-
ant in this suit and served with process.   And defendant now
submits himself and the said purchase-money to the honora-
ble court and asks that he may be directed what to do with

said purchase-money, and whether he shall make a deed of conveyance of said real estate to said Drummond."

Drummond answered the bill to the same effect.

The record shows, that the summons to answer the bill of revivor was served on Rawley Morris, trustee, on December 18, 1877, twenty days before he made said sale, and on Drummond, the *cestui que trust*, on December 25, 1877, fourteen days before the sale. From an order entered in the cause on July 29, 1881, it appears, that the defendants, Michael Bock, William Bock, Martin M. Bock and Mary A. Cole, four of the appellants, by leave of the court withdrew their answers. When the answers were filed the record does not disclose. On May 2, 1878, the court entered the decree complained of, which was as follows: "This cause came on this day to be heard on the orders and decrees heretofore made in the cause, together with the bill of revivor and supplement filed at the January rules, 1878, and process duly executed as to all the defendants named therein and bill taken for confessed at rules as to all the said defendants except Martha Bock, the infant defendant, whose guardian *ad litem*, Robert B. Lott, has filed answer at rules, and upon the separate answers of defendants, Rawley Morris, William E. Drummond and Morgan Billingsley, administrator of John Bock, deceased," &c. (The decree then fixes the liens as in the decree of 1875 together with the additional lien of Drummond created after the decree of 1875, and then proceeds): "And it appearing to the court that the real estate in the bill described has been sold by the defendant, Rawley Morris, trustee, under said deed of trust, and that the defendant, Drummond, became the purchaser for the sum of one thousand and fifteen dollars, which fund now remains in the hands of said Rawley Morris, trustee; and it further appearing that there is no personal estate of the deceased, John Bock, with which to pay the aforesaid sums or any part of them." (The decree after setting aside a portion of said fund for the widow orders the distribution of the residue as follows: "To pay the first deed of trust, two hundred and ninety-one dollars and ninety cents, then to complainant one hundred and two dollars and seventy-six cents, then to Drummond amount of second deed of trust, one hundred

and ten dollars and eighty-nine cents," decreed the plaintiff his costs and made no provision for the payment of the residue to the heirs of John Bock, and then required that the trustee) "shall complete the execution of his trust by executing and delivering to said Drummond a deed of conveyance of the real estate sold to him as herein mentioned."

From this decree Martha Bissett, late Martha Bock, William Bock, Michael Bock, Martin M. Bock and Mary A. Cole appealed.

The bill having been taken for confessed as to William Bock, Michael Bock, Martin M. Bock and Mary A. Cole, and the decree appealed from by them having been rendered on the bill so taken for confessed, and they not having in the court below asked a reversal of said decree under chapter 134 of the Code, they have no right of appeal until a motion is made in the court below to reverse said decree, and it is refused either in whole or in part. If they were the only appellants, the appeal would have to be dismissed as improvidently granted. But the appellant, Martha Bissett, late Bock, is in a different position. She was the infant defendant, who by her guardian *ad litem* answered the bill. The case was heard on her answer. As she appeals here in her own name, and her right to appeal is not questioned in the record, it is assumed that she has arrived at her majority. She therefore can raise the same question as the other appellants could have raised; and we will therefore proceed to consider the assignments of error.

The first is, that the cause could not be revived by bill of revivor under the general chancery practice, as the Code now provides for a revival of a chancery suit by *scire facias*. There is nothing in the objection. A chancery cause upon the death of the defendant may either be revived by the filing of a bill of revivor or by a *scire facias*. The Code permitting such revivor by *scire facias* does not abolish the chancery practice of revival of chancery suits.

It is also assigned as error, that the decree was entered without a settlement of the accounts of the administrator of John Bock, deceased. It is a sufficient answer to this objection that the answer of the administrator shows that John

Bock had no personal estate applicable to the payment of said liens.

It is also assigned as error, that the liens and their priorities were not ascertained and fixed. It no where appears in the record, that there were any liens existing against the land sought to be charged except those before mentioned in this opinion, and they were ascertained, and their priorities were fixed by the decree. It was not necessary therefore to refer the cause to a commissioner for the purpose of ascertaining the liens and fixing their priorities. *Anderson* v. *Nagle*, 12 W. Va. 98.

These are all the errors assigned, and if the record showed no other, the decree would have to be affirmed. But there is a manifest error appearing in the record to the prejudice of the appellant, Martha Bissett, as well as to all the heirs of John Bock, deceased. The court ought not to have approved the sale by Rawley Morris, trustee. The legal title to the land was not in him but in A. B. Fleming, the trustee in the first deed of trust, where it still is. It was improper for Morris, after he had been served with process in the cause, to sell under the deed of trust to him. He had nothing in him by virtue of the deed of trust except the equity of redemption, and that was all he could sell, and all he could convey. If that was all he did sell, and the sale was good, then the purchaser out of his own proper funds in addition to the money paid for the equity of redemption would have been compelled to pay the prior liens, or suffer the land to be resold. And if it was the equity of redemption he sold, the whole of the proceeds of the sale after paying the costs of the sale and of the suit and the debt of Drummond should have gone to Bock's heirs. But the property under the circumstances ought not to have been sold by the trustee holding the equity of redemption. It should have been sold by the court through its commissioner under its own direction.

The decree of May 2, 1878, must be reversed with costs to the appellant, Martha Bissett; and this case is remanded to the circuit court of Marion county with instructions to set aside the sale of said land made by Rawley Morris, trustee, and place the purchaser, William E. Drummond, *in statu quo*,

and to proceed with said cause according to the principles of this opinion and further according to equity.

Reversed.　Remanded.