# CHARLESTON.

MIDKIFF v. LUSHER et al.

Submitted January 18, 1886.—Decided February 6, 1886.

1. The return of a sheriff on process, that he executed the same "on Lewis Lusher by leaving a copy of the within with Betty Lusher, daughter of Lewis Lusher, she being a white woman over the age of sixteen years," is fatally defective.   (p. 441.)

2. Where a return of a sheriff on process is fatally defective, and there has been on such return a judgment entered "by default," the defendant under sec. 5 of ch. 134 of the Code, may on motion have such judgment set aside for such error, and if such motion is overruled, the judgment will be reversed on writ of error. (p. 441.)

3. Where a joint judgment is rendered against two by default and for a defective return as to one, if it is reversed, it must be reversed as to both defendants.   (p. 442.)

*J. B Laidley* for plaintiff in error.

No appearance for defendant in error.

JOHNSON, PRESIDENT:

This is an action of debt brought by the plaintiff against the defendant in the circuit court of Lincoln county in 1876. The return on the writ as to the defendant Lewis Lusher is as follows: " Executed November 4, 1876, on Lewis Lusher by leaving a copy of the within with Betty Lusher, daughter of Lewis Lusher, she being a white woman over sixteen years of age." Judgment was rendered by default against the defendants on December 6, 1876, as follows : " This day came the plaintiff by his attorney, and thereupon the defendants were each solemnly called, but came not, and the judg-

ment, obtained against them at rules not having been set
aside, and the plaintiff now being entitled to a final judg-
ment, therefore it is considered by the court that the plaintiff
recover from the defendants the sum of $179.50, with inter-
est thereon from December 6, 1876, till paid, that being the
amount due on the debt in the plaintiffs' declaration men-
tioned, including interest thereon up to this date, after de-
ducting therefrom all just credits. It is also considered by
the court that the plaintiff recover his costs about his suit in
this behalf expended," &c.

Irwin Lusher having died, his administrator and the de-
fendant Lewis Lusher gave notice of a motion under sec. 5 of
ch. 134 of the Code to set aside and reverse said judgment
entered by default, and set out the following among other
grounds of the motion: "Because the writ was not served
on Lewis Lusher." This motion was made on September 11,
1878, and on April 18, 1879, the court overruled the motion
and refused to set aside the judgment.

To this order and to the judgment entered by default the
defendants obtained a writ of error.

In our view of the case it is only necessary to consider the
first ground urged in the court below for setting aside the
judgment entered by default.

Section 5 of ch. 134 of the Code provides: "The court in
which there is a judgment by default,  *  *  or the judge of
said court in vacation thereof may, on motion reverse such
judgment  *  *  for any error for which an appellate court
might reverse it, if the following section was not enacted, and
give such judgment  *  *  as ought to have been given."

Section 6 provides: "No appeal, writ of error or *superse-
deas* shall be allowed or entertained, by an appellate court or
judge, for any matter for which a judgment or decree is liable
to be reversed or amended on motion as aforesaid, by the
court which rendered it, or the judge thereof, until such mo-
tion be made and overruled in whole or part."

Would the Appellate Court reverse a judgment entered upon
such a return of process as appears here, if the party had
appeared in the court below for the purpose only of moving
to quash the return, and such motion had been overruled?

In *Lewis* v. *Bodkin,* 3 W.Va. 538, it was held, that a return

stating that service was made by "posting an office copy hereof at the front-door of each of their dwelling-houses" is defective, first because it does not appear that he *left* a copy posted at the front-door as the statute prescribes; and second, because it does not appear that it was at the "usual place of abode" of the defendant as also prescribed by statute? The question arose on a motion to quash the return of the sheriff on the process, and because the court did not quash the return, the court reversed the judgment.

In *Lewis* v. *Bodkin*, 3 W. Va. 538, it was held that a return was defective, because it stated that a copy was posted on the front-door of the defendant's "residence" instead of his "usual place" of abode as the statute requires. According to sec. 1 of ch. 121 of the Code the service must be "by delivering a copy thereof in writing to the party in person; or if he be not found at his usual place of abode, by delivering such copy and giving information of its purport to his wife or any other person found there, who is a member of his family and above the age of sixteen years," &c.

The service of the process in the case here is fatally defective for three reasons : *First.*—It does not state that Betty Lusher, the daughter of Lewis Lusher, was a member of his family. She may have had a family of her own. *Second.*— It does not state, that he delivered the copy to Betty Lusher, a member of his family, &c., "*at* the usual place of abode of the said Lusher, he not being then and there found." Betty Lusher may have had a family of her own; and the copy may have been delivered to her at her own home. *Third.*— It does not state that when he delivered the copy to her, he "gave her information of its purport." Now by the settled authority, if the defendant Lusher had appeared before the judgment was entered, and had moved to quash the return, and the motion had been overruled, he could by writ of error have had the judgment reversed. But there being a judgment by default, he had the right under the Code to have the same error corrected by the court below on motion. Having made that motion, and it having been overruled, he has the right to come here to have the error corrected.

The circuit court should have set aside the judgment, and permitted the said defendant to move to quash the return as

to him, and should have sustained such motion had it been made. The judgment being a joint judgment, if set aside as to one of the defendants it would have to be set aside as to both of said defendants. *Hoffman* v. *Bircher*, 22 W. Va. 537.

The order overruling the motion to set aside said judgment and the judgment of the court are reversed; and the case is remanded for further proceedings in accordance with this opinion.

REVERSED.  REMANDED.