(Hamilton County, Ohio, Court of Common Pleas, June Term, 1896.)

## VANDEMENT v. TRISLER.

*Return of summons by constable—What must show—Necessary indorsements—*
The return of summons by a constable must show that the writ served contained the necessary indorsements to give jurisdiction to the magistrate, and the failure of a proper return of the writ by the constable will invalidate a judgment by default rendered in the case.

*Presumptions in favor of correctness of writ served—*
While a return is "served" of a summons by the sheriff in a case pending in a court of general jurisdiction will carry with it the presumption that the writ served contained the necessary indorsements, such will not be presumed in the case of a constable serving summons in a case pending before a court of limited jurisdiction like that of a J. P. The record of a case in a magistrate's court must affirmatively show that he obtained jurisdiction.

HOLLISTER, J.

The plaintiff obtained a judgment by default before a justice of the peace. The defendant asks a reversal on the ground that the return of the constable of the writ of summons does not show a compliance with the requirements of the statute prescribing the manner in which the service of summons and the return thereof shall be made.

Section 6475, Revised Statutes, provides, among other things, that the summons "must contain the name or names of the defendant or defendants * * * and command the officer * * * serving the same to summon the defendant or defendants to appear * * * at a time therein specified, and must describe the plaintiff's cause of action in such general terms as to apprise the defendant of the nature of the claim against him; and there shall be indorsed on the writ the amount for which the plaintiff will take judgment if the defendant fail to appear; if the defendant fail to appear, judgment shall not be rendered for a larger sum, and the costs." By section 6476 service must be made: "By delivering a copy of the summons, with the indorsement thereon, (certified by the constable * * * to be a true copy), to the defendant, or leaving the same at his usual place of residence." By virtue of section 6692: "It shall be the duty of every constable, on the receipt of any writ or other process (subpoenas excepted), to note thereon the time of receiving the same; he shall also state in his return on the same the time and manner of executing it."

In this case the return was made in these words: "Received this writ on March 2, 1896, and March 3, 1896, served a true copy on defendant at residence."

The summons itself is in correct form, and the question in the case arises on the return, the defendant claiming that it is insufficient.

There is certainly an ambiguity in the return so great as to make it impossible to say how the service was made. Does the constable intend to say that he delivered a true copy to the defendant, or that he left it at defendant's residence? If at residence, the return does not state that it was defendant's usual place of residence, and in either case it does not appear that the true copy served was certified by the constable to be a true copy, nor that the indorsement was upon the copy of the amount for which the plaintiff would take judgment, if the defendant failed to appear.

In Goodrich v. Horner, 8 Bull., 11, Worthington, J., in construing sections 5037 and 5042, relative to service in an action for the recovery of money only, where the return showed that the defendants were "served

[COPYRIGHTED, 1897, BY CARL G. JAHN.]

personally with a true copy of this writ," held that, inasmuch as the original writ showed the indorsement of the amount claimed in the action, as required by the statute, the sheriff's certificate that he had served a true copy carried with it the necessary implication that the copy had the proper endorsement upon it.

Assuming, therefore, for the question only of the constable to certify that the copy had the proper endorsement on it, that the same rule is applicable to returns by constables as obtains in the returns of the sheriff, it may be said that the return is sufficient, with respect to the indorsement, although silent on the subject. The Supreme Court hold, however, that the jurisdiction of a justice of the peace is inferior and limited; that his record must show that he has obtained jurisdiction over the person of the defendant, and that the presumptions that may be indulged regarding the performance of duty by the ministerial officer of a court of general jurisdiction, are not raised in favor of the validity of the acts of a justice of the peace and his constable. Robbins v. Clemmens, 41 Ohio St. 285. It is held, in North Carolina, that the use of the word "served" in the officer's return is prima facie evidence that the service was in accordance with the law. Strayhorn v. Blalock, 92 N. C. 292. This conclusion ought not prevail, because it makes the officer the judge of the legal effect of his own proceedings, and the better authority is against it. Says Morton, J., in Perry v. Dover, 12 Pick. 206, 211: "All returning officers are ministerial, and are bound to set forth in their returns all the acts by them done, that the tribunal may judge of their sufficiency. They are not competent to judge of the legality of a notice or service, and a return that a precept had been legally served, or that the duty enjoined by a warrant had been duly performed, would most clearly be insufficient." Adding to this reasoning the fact that the statute requires of the constable to make return of the "manner" of the service, makes it quite clear that no strength is given to the writ by the use of the word "served."

It is not necessary in this case to decide whether the service was void or only voidable, for the attack upon it is direct by proceedings in error, and is not collateral; but bearing in mind the requirement that the record must show that jurisdiction had been obtained, and that the jurisdiction of a justice is inferior and limited, and the statutes providing the manner of service, it must be held that the return is at least defective in that it does not show (1), whether the service was on the defendant by delivering a copy of the summons to him, or was at his residence; (2), that it does not appear from it that the true copy "served" was certified by the constable to be a true copy; (3), that if the service was at residence, it does not appear that a copy was left at defendant's usual place of residence. Among many authorities on the subject the following throw light on the question: Laney v. Garbel, 105 Mo. 355; Sweeney v. Girolo, 154 Pa. St. 609, 6114; McConkey v. McCraney, 37 N. W., 822; Lewis v. Bodkin, 3 W. Va. 538; Midkiff v. Lusker, 27 W. Va. 439; Syracuse Moulding Co. v. Squires, 15 N. Y. S., 321; Lauderdale v. Innis Stationery Co., 16 S. W. 308. No less an authority than Swan's Treatise, usually followed very closely by justices of the peace and their constables, inferentially supports the conclusion in this case by recommending the following forms:

In the case of personal service, the return should be

"December 18, 18—.    Received this writ."

"December 21, 18—.    Served by delivering a certified copy of this writ, and indorsements thereon, to the defendant."

And in case of service at residence, after noting the time of receipt and service:

"Served by leaving a certified copy of this writ, and indorsements thereon, at the usual place of residence of the defendant, he being absent."

The judgment of the magistrate is reversed.

Roelker & Jelke, with whom was Mr. Thompson, for Vandement.

John W. Wolfe and O. L. Trisler, for Trisler.