# CHARLESTON.

MOORE, TRUSTEE, *v.* DAVIS *et al.*

Submitted September 15, 1910.   Decided March 26, 1912.

EQUITY—*Decree—Opening and Vacating.*

> Consideration of a motion to reverse a decree entered on bill taken for confessed is properly refused by the circuit court when notice has not been given to the parties relying on the decree, as required by Code 1906, ch. 134, sec. 5, and no appearance has been made to the motion.

(BRANNON, PRESIDENT, absent).

Appeal from Circuit Court, Barbour County.

Suits in equity by S. A. Moore against O. C. Davis and others and by Isaac J. Coontz, administrator, against O. C. Davis and others. From a decree for plaintiiffs, defendants O. C. Davis and another appeal.

*Affirmed.*

*Wm. T. George* and *John B. Dilworth,* for appellants.

*Ware & Viquesney,* for appellee Moore.   *Leroy V. Holsberry,* for appellee Coontz.

ROBINSON, JUDGE:

Three chancery causes, all affecting the same lands, and mainly against the same defendants, were consolidated as one. It will serve no purpose to define the character and object of each of these suits.  No appearance was entered by any defendant; the bills were taken for confessed; and the consolidated causes were proceeded in to a decree directing a sale of the lands to satisfy liens sought to be enforced against them.

As to two of the causes, answers were filed at a term subsequent to the entry of the decree for sale.  These answers, of course, came too late as a defense against the decree.  In fact, the answers presented no valid defense against it, even if they had been in time.  A petition by the defendant owners of the lands, filed long after the term at which the decree was entered, asked that the sale under the decree be stayed, on the ground that petitioners had not been served with process to answer one of the suits.  The prayer of this petition was granted for a time. It was made to appear by an amendment to the return of service that the ground on which the stay rested did not actually exist. The order staying the sale was set aside and the commissioner was directed to proceed to sell under the decree.  Then these defendants in open court moved to correct errors in the decree for sale, verbally specifying one alleged error.  The court refused this motion, giving as a reason that no notice thereof had been given to the opposite parties.  It entered a decree releasing the stay of the sale and refusing to consider the motion to reverse the decree for alleged error in the proceedings.  The defendants thus denied have obtained this appeal.  They say that the decree directing the sale is erroneous, that the circuit court should have reversed it for many errors now assigned, and that because of the refusal of the court below to do so this Court should now reverse the same.

Manifestly, the court did not err in refusing to consider the motion to reverse the decree for sale.  No notice of the motion

had been given, nor was there any appearance to the motion. Moreover, there was no proper specification of the errors now alleged. So we cannot look into the proceedings on which the decree for sale is based. That decree having been entered on bills taken for confessed must be dealt with below as to error, before it can be so dealt with here. Code 1906, ch. 134, secs. 5 and 6; *Slingluff* v. *Gainer,* 49 W. Va. 7; *Morrison* v. *Leach,* 55 W. Va. 126. The decree could only be dealt with in that particular in the court below after notice to the opposite parties —those relying on the decree for sale, which had long before become final. The statute expressly requires this notice. Why should we say more? The decree must be affirmed.

*Affirmed.*