# CHARLESTON

MORRISON *et al.* v. LEACH, EXECUTRIX, *et al.*

Submitted November 10, 1914.    Decided January 12, 1915.

1. APPEAL AND ERROR—*Time for Appeal.*
    An appeal in a cause, though within time as to some decrees, can

not bring up for review any appealable decree as to which the time
fixed by law for appeal has expired.   (p. 473).

2.   EVIDENCE—*Judicial Proceedings—Record.*

    Where a petition is by leave filed in a cause as between co-
defendants, for the assertion of an equitable right arising from
former proceedings and decrees therein, the preceding record may
be looked to in support of the petition.   (p. 474).

3.   SAME—*Admissions—Pleadings.*                                    .

    On the hearing of an issue in chancery between co-defendants to
a cause, made by pleadings allowed subsequent to a final determina-
tion of the main issues, the answer of either of the parties on the
former issues may be read as an admission against him.   (p. 475).

Appeal from Circuit Court, Ritchie County.

Suit by C. P. Morrison and others, partners, etc., against
Minerva Leach, executrix, etc., and others.   From the decrees,
defendant Parkersburg National Bank appeals.

*Appeal dismissed as to one decree, and other decrees affirmed.*

*Van Winkle & Ambler,* for appellant.

*Wm. Beard,* for appellees.

ROBINSON, JUDGE:

By this appeal the Parkersburg National Bank complains
of a decree whereby it was restrained from collecting a certain
note through the enforcement of a vendor's lien and was
ordered to surrender the note to Minerva Leach, the owner
of the property on which the lien existed.                        °

The note was one executed by Anna Leach to Minerva Leach
as executrix under the will of Thompson Leach, deceased.   It
represented a part of the consideration for real estate sold
by the executrix to Anna Leach in the administration of the
estate.   This same real estate, the Home Place, was after-
wards conveyed by Anna Leach to Minerva Leach individual-
ly, and the latter assumed to pay the note.

Thompson Leach at the time of his death was indebted to
the Parkersburg National Bank.   Johnson and Buckley were
endorsers for him on the paper representing the indebtedness.
They and the executrix estimated that the estate would pay
seventy-five per cent of the decedent's debts.   To arrange the

indebtedness due the bank, the executrix turned over to Johnson and Buckley a number of land notes in her hands as assets of the estate, among them the Anna Leach note. Seventy-five per cent of the indebtedness, which it was supposed the estate was sufficient to pay, was apportioned to the estate, and the executrix executed a note covering the same. The remaining twenty-five per cent was apportioned to Johnson and Buckley, who were endorsers on the original notes, and as such liable for the remaining twenty-five per cent. They executed notes covering this remaining twenty-five per cent. As to this liability on them, they were of course creditors of the estate. The notes, assets of the estate, which the executrix had turned over to Johnson and Buckley, were deposited by them with the bank as collaterals to all this indebtedness in its new shape. Collections were made by the bank on these notes, and the proceeds applied to the indebtedness. It will be observed later, however, that the bank claims that the Anna Leach note, which remains uncollected, passed to Buckley from the executrix as a payment on a judgment lien debt which he held against the estate, and as to which he was entitled to priority, and that this particular note was taken over by the bank from Buckley on his part of the indebtedness in its new form.

After these transactions, in 1897, Morrison and others, creditors of Thompson Leach, brought suit charging the executrix with a devastavit, and seeking a proper settlement of the estate. The Parkersburg National Bank, Johnson, and Buckley were made parties to this suit, and it was charged that the executrix had paid to them sums largely in excess of their proper pro rata shares as creditors of the estate. The cause proceeded to a decree, entered on February 23, 1899, adjudging that the executrix was liable to the creditors in the sum of $3,878.72 with interest; that the Parkersburg National Bank had received $1,668.36 more than its pro rata share, which, with interest, should be refunded by it, in the amount of $2,122.38, as a credit on the amount found due from the executrix; and that Johnson and Buckley jointly should pay the sum of $843,04, and Johnson individually the sum of $788.02, as a further credit on the amount decreed against the executrix. The decree was based on the report of a com-

missioner, made in the cause, wherein it had been ascertained that the estate would pay only sixty per cent of the indebtedness instead of seventy-five per cent. The decree, therefore, in effect held that the bank, Johnson and Buckley jointly, and Johnson individually should account for the excess of fifteen per cent which they had received as creditors from the assets of the estate.

The decree of February 23, 1899, contained the following provision: "Leave is given to the defendant Minerva Leach to apply to this court in this cause for such relief as may be proper upon her claim for an equitable set off against the note of Anna Leach for purchase money assumed by said Minerva Leach, upon the Home Place." Minerva Leach had been charged, in the settlement of the estate made by the commissioner, with the Anna Leach note as assets. The same was therefore embraced in the finding of the amount against her as due to the creditors. When the amount found due from the executrix should be paid to the creditors, as it afterwards was, the Anna Leach note would be paid to the estate. Minerva Leach having individually assumed the obligation to pay the Anna Leach note to the estate, in equity she was entitled to set off her individual obligation to pay this note with the amount of the same charged against her as assets, whenever those assets were duly accounted for by payments to the creditors of the estate. The chancellor noticed that this right to Minerva Leach would arise when the amount decreed against her as executrix was duly paid. It was a right contingent upon compliance with the decree. Necessarily, therefore, it could not be vindicated and enforced in the decree itself, and the assertion of the right was properly postponed by the leave granted until Minerva Leach should show that the equity matured to her by full compliance with the terms of the decree.

The decree being one against the Parkersburg National Bank as on a bill taken for confessed, the bank moved to set aside the same under chapter 134 of the Code. In July 1900, the motion was sustained and the decree set aside. The bank then demurred, answered, and filed exceptions to the report of the commissioner, and the cause proceeded to a decree in October, 1901, denying the plaintiffs in the cause, creditors

of the estate, any such relief against the bank as had been given by the decree which was set aside.

From the decree setting aside the decree of February 23, 1899, Minerva Leach appealed, assigning that she had been given no notice of the motion to set aside the decree. This court reversed the decree which set aside the former decree. 55 W. Va. 126. The decree of February 23, 1899, was thus reinstated. Later the bank was compelled to comply with the terms of that decree. It paid back to the estate the amount in the decree adjudged against it. It may be that the decree was wrong. Though the decree recites that the bank was served with process, the bank insists that it was never so served, and that the bill could not be taken for confessed and a decree entered thereon. But, by the decision of this court, the motion to reverse the decree proved abortive, because the bank had failed to give notice of that motion to Minerva Leach, an opposite party to the motion. Before this was determined, unfortunately for the bank, the time had gone when any error in the decree could be reached and any wrong therein corrected. By the decision of this court upon the appeal to which we have referred, and by the force of circumstances as to limitations under the law, the decree of February 23, 1899, was left standing as valid and final.

The amount decreed against the executrix was fully paid by the bank, Buckley, and herself to the special commissioner to whom the decree directed it to be paid, and was disbursed to the creditors. The bank later sought to collect the Anna Leach note, by a suit for the enforcement of the vendor's lien securing the same. Thereupon, Minerva Leach filed her petition in the Morrison suit under the leave given her by the decree of February 23, 1899, praying that the bank's suit on the note be restrained and that she be relieved from the payment of the note, out of the equitable considerations in her favor pertaining to the same, which we have hereinbefore stated. The bank answered the petition, asserting that it took the note free from any such equity as Minerva Leach claimed. It alleged that the note was assigned to it by Buckley, and that the note had been assigned to him by the executrix as part payment of his preferred claim against the estate. Its answer went further and sought to surcharge and

falsify the accounts of the executrix and to call her to account for assets which it alleged she had never accounted for. On November 19, 1909, certain exceptions by Minerva Leach to the bank's answer were sustained, and portions of the answer were rejected. Besides a general replication to the answer, the allegations therein for affirmative relief were met by a special reply.

The proceeding on the petition of Minerva Leach thus stood from the November Term, 1909, until the 14th day of February, 1913, on which latter date the court decreed the relief sought by Minerva Leach on her petition and denied the relief prayed for by the bank in its answer.

(1) This appeal seeks to bring up for review the decree of February 23, 1899, granting relief to the plaintiff creditors on their bill, the decree of November 19, 1909, sustaining the exceptions to the bank's answer to the petition of Minerva Leach, and the decree of February 14, 1913, finally adjudicating the issues raised by that petition. The decree of February 23, 1899, is not appealable herein. It is a final decree resting upon the determination of wholly different issues than those involved in the proceeding on the petition of Minerva Leach. As to the issues settled by that decree, it is final. The petition of Minerva Leach, though filed in the cause by leave granted herein, was not a continuation of the litigation of the issues settled and determined by the decree of February 23, 1899. Neither could the filing of that petition nor the bank's answer thereto reopen those issues. The finality of the decree of February 23, 1899, might have been affected in due time by a proper motion to reverse in the court below, other appellate process, or bill of review, but it could not be affected by the institution of a proceeding under the leave granted Minerva Leach as to a wholly independent matter from any determined by the decree. All matters determined by the decree were foreclosed, except as to bill of review or appellate process.

Now, the decree of February 23, 1899, was final in the sense that it was appealable. About this there can be no question. It adjudicated the principles of the cause, rightly or wrongly. No appeal therefrom having been taken by the bank within the two years limitation for appeal, as the law

then was, this appeal can not bring up for review that decree. An appeal in a cause, though within time as to some decrees, can not bring up for review any appealable decree as to which the time fixed by law for appeal has expired. *Hoy* v. *Hughes,* 27 W. Va. 778; *Tiernan's Admr.* v. *Minghini's Admr.,* 28 W. Va. 314; *Shumate's Exrs.* v. *Crockett,* 43 W. Va. 491. A bar is fixed by the law as to appeals from appealable decrees. After the time fixed for an appeal has expired, the appellate court has no jurisdiction to review. The appeal herein was improvidently awarded as to the decree of February 23, 1899.

(2) In the briefs there is discussion as to whether the petition proceeding was a continuation of the original Morrison suit. In a way it was a continuation thereof. It was a continuation of the cause between co-defendants thereto, independently of what had been theretofore finally decreed upon issues entirely distinct from those that afterwards arose and were presented by the petition proceeding. It was a proceeding on an alleged equitable claim to which Minerva Leach became entitled in view of the satisfaction of the decree of February 23, 1899. It therefore grew out of and was based on the former proceedings in the cause. It was connected with those former proceedings by the leave given for its institution in the final decree by which the former issues were determined. But, as we have indicated, it was a tangent from the former proceedings in the cause, affecting nothing by them decided. The adjudication and compliance with it, both shown by the former record, are pointed to by the petition as vouching the equity which the petitioner claims. Thus it is proper to look to the preceding record, to which both the petitioner and the bank were parties, in ascertaining whether such equity as petitioner asserts actually arises.

These considerations bring us near to the end of this case. For, the record of the Morrison cause plainly establishes that Minerva Leach is entitled to the equity which she claims. It proves the case made by her petition. The decree of February 23, 1899, the settlement of the estate on which it was based, and the receipts and disbursements under the decree prove that Minerva Leach as executrix accounted to

the estate for the Anna Leach note just as if she individually had paid the same to herself as executrix. In equity she should not be made to pay it again.

(3) We do not overlook the allegation of the bank that the executrix had assigned the note to Buckley as a payment on his preferred debt due from the estate and that Buckley had then assigned it to the bank. The record of the former proceedings to which we may look—and nothing additional on this score was offered by the bank—does not sustain the allegation. Besides, it is inconsistent with the former answer of the bank in the cause. The bank in answering the original Morrison bill, after the decree of February 23, 1899, had been set aside and before the same was reinstated by the force of the decision of this court, upon issues then material as between it and the creditors, plaintiffs in the cause, averred that the Anna Leach note was transferred to it, not by Buckley as it now claims, but by Johnson and Buckley in part discharge of the indebtedness of Thompson Leach. If the note so came to the hands of the bank, it certainly did not come thereto in discharge of Buckley's debt to the bank as the answer in the petition proceeding asserts. As between the plaintiff creditors and the bank this admission was conclusive. Hogg's Eq. Pro. 449. As between the bank and Minerva Leach, upon the subsequent issue, it is at least evidence. The bank seems to have made the admission advisedly. It offers not a word of evidence in explanation thereof, or to show that the same was made through mistake or inadvertence. An admission in an answer may be evidence in a wholly different cause. 2 Wigmore on Evidence, sec. 1064; 11 Amer. & Eng. Enc. of Law. 449. Certainly on the hearing of an issue in chancery between co-defendants, arising by proper pleadings filed subsequent to a final determination of the main issues, the answer of either of the parties on the former issues. may be read as an admission against him.

By the decree of February 23, 1899, the bank was adjudged to have received, from the notes which the executrix through Johnson and Buckley turned over to it, more than its pro rata share as a creditor, and was made to pay back the excess, all of which may have been wrong, but has long been foreclosed. It can not, after having received its proper share

of the estate as adjudged by the foreclosed decree, now appropriate to its use the Anna Leach note and thereby get more than was adjudged to it.

We have stated that the bank's answer to the petition of Minerva Leach sought to surcharge and falsify her accounts as executrix and to call her to further and proper accounting for the estate. But the allegations for affirmative relief in this particular were fully met by the special reply, and, though the cause rested more than three years thereafter, the bank offered nothing in support of the allegations.

It has seemed unnecessary to review the decree of November 19, 1909, brought up by the appeal, since nothing · is urged against it, and upon the whole the sustaining of the exceptions to the answer was immaterial.

The appeal in so far as it relates to the decree of February 23, 1899, will be dismissed as improvidently awarded. The other decrees complained of will be affirmed.

*Appeal dismissed as to one decree, and other decrees affirmed.*