## CHARLESTON

### Hornor v. Life, Admr.
### and
### Butcher v. Life, Admr.

Submitted March 23, 1915.   Decided April 20, 1915.

1. APPEAL AND ERROR—*Appeal From One Decree—Effect on Other Decrees.*
    An appeal in a cause within time as to one decree therein, does not bring up for review other decrees which were appealable but as to which the time fixed by law for appeal has expired.   (p. 233).

2. EQUITY—*Decree Pro Confesso—Correction of Errors—Motion.*
    The motion sanctioned by Code, ch. 134, sec. 5, is simply for the purpose of correcting error apparent on the record, as upon appeal or writ of error.   It can not avail to open the cause to let in a defense that was not put in issue and litigated.   (p. 235).

3. APPEAL AND ERROR—*Harmless Error—Nonprejudicial Rulings.*
    On appellate process a party can not take advantage of an error that does not prejudice his rights.   (p. 235).

    (LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Lewis County.

Suits by C. A. Hornor against Noah Life, administrator, etc., and by Isaac F. Butcher against Noah Life, administrator, etc., and others.  From an order denying a motion to reverse decree of sale, Isaac F. Butcher appeals.

*Affirmed.*

*C. C. Higginbotham,* for appellant.

*Linn, Brannon & Lively, C. L. Smith, Brannon & Stalkers* and *W. G. Stathers,* for appellees.

ROBINSON, PRESIDENT:

A suit was brought against Isaac Butcher in his life time, to subject his lands to the payment of judgments which had been rendered against him. Pending the suit he died, and by a bill of revivor and supplement the cause was converted into a general creditors' suit to sell the lands of the decedent for the payment of the liens and debts outstanding against the same. The widow, heirs, and other proper parties were brought in. The cause proceeded to a decree adjudging the liens and debts and directing a sale of the lands.

The bill of revivor and supplement exhibited the will of the decedent. By the will the testator, among other things, had devised to his widow a part of his lands by the following meager description: "One hundred acres of land off the lower end of my farm embracing the house and building." The will said nothing about this devise being in lieu of dower. The land devised was of course involved in the suit for the enforcement of liens. Pending the suit upon the bill of revivor and supplement which brought in the widow and heirs, the widow conveyed the one hundred acres devised to her, to Isaac F. Butcher, one of the heirs, by the same meager description used in the will. Though both the grantor and the grantee were parties to the cause involving the land of which Isaac Butcher died seized and possessed, neither of them took any step therein to save the one hundred acres from a sale by decree. The bill was taken for confessed as to them. Later, Isaac F. Butcher proved before the commissioner to whom the cause had been referred, a large debt in his favor against the estate of the decedent, which was carried into and provided for in the decree directing a sale of the lands. Though the widow devisee had conveyed a part of these very lands to him, neither she nor he said one word in the cause against a decree for the sale of the one hundred acres. On the other hand, Isaac F. Butcher appeared in the cause and took a decree for his debt against the land that had been conveyed to him by the widow.

More than three years after the pronouncement and entry of the decree of sale, Isaac F. Butcher filed his bill to review the cause for error. Therein he set up the conveyance of

the one hundred acres, made by the widow to him, alleged that this land had been devised to the widow in lieu of dower, and assigned that because it was so devised, the decree of sale was erroneous in embracing the same. Further, he undertook to assert that even if the one hundred acres was not devised in lieu of dower, the decree of sale was erroneous because, in the proceedings leading to its entry, dower in the lands of the decedent had not been assigned to the widow. Upon demurrer to the bill of review, the court was of opinion that the demurrer was well taken. Plainly the bill of review was filed beyond the time allowed by law. Thereupon the plaintiff therein asked to amend in an immaterial and irrelevant particular, which request was overruled. Then he sought to have his bill of review treated as a motion under Code, ch. 134, sec. 5. The court would not so consider it, but sustained the demurrer and dismissed the bill of review.

Thereafter, Isaac F. Butcher proceeded by motion under the statute mentioned above, and within the time allowed therein, to obtain a review of the decree of sale for the alleged errors he had formerly relied on in the bill of review. Some proceedings were had under this motion, which need not be here recited. The motion, upon final hearing of the same, was denied. The court perhaps went further in its order made in the disposition of this motion than was pertinent in the premises. It was of opinion that the description of the land in the devise and deed was so indefinite as to be invalid. But all that we shall not detail. ' The matter can have no bearing on proper decision herein. The same may be said of a subsequent motion made for a change or amendment of the order of which we have last spoken.

Upon the appeal allowed to Isaac F. Butcher, he attacks as erroneous the decree of sale in the original cause, entered March 18, 1899; the decree dismissing the bill of review and refusing to treat the same as a motion under the statute, entered October 30, 1903; and the order denying the statutory motion to reverse the decree of sale for error, entered November 29, 1912. Each of these is a final decree or order in the particular proceeding to which it relates. Each was appealable. But the appeal herein, which was allowed within the statutory period only as to the order or decree of November

29, 1912, does not bring under review the other decrees. As to each of them, no appeal was taken within the time fixed by law. They are beyond review. Let us again iterate an established rule: ''An appeal in a cause, though within time as to some decrees, cannot bring up for review an appealable decree as to which the time fixed by law for appeal has expired.'' *Morrison* v. *Leach,* 75 W. Va. 468, 84 S. E. 177.

The appeal brings before us only the order or decree of November 29, 1912. Did the court by that order improperly deny the motion made by Isaac F. Butcher to reverse the decree of sale for error? We have noticed the alleged grounds on which the motion was based. They can not avail.

Though Isaac F. Butcher was a party defendant to the cause, proving a debt in his favor as against the lands, he made no issue that the one hundred acres had been devised to the widow in lieu of dower. Nor did the widow, his grantor of the one hundred acres, who was also a party to the cause, raise any such issue. They both confessed the scope of the bill that the land devised to the widow and now claimed by Isaac F. Butcher was subject to be charged with the liens and debts of the decedent, for which it was afterwards ordered sold. This claim of Isaac F. Butcher that it was not so subject, made as a basis of the motion to reverse for error, was never mentioned in the suit. The court was not asked to decide upon any such claim, and made no decision in regard to the same. The court was not informed by any pleading or in any other way that such claim existed. Nor was it the province of the court to inquire outside the record as to such a matter. How can it be urged that the court erred, when it was not called upon to decide, and did not decide? As the parties allowed the record to be made, no error appears in charging the one hundred acres with the liens and debts of the decedent. The bill sought so to charge it. The widow did not claim it in lieu of dower. Her grantee did not inform the court that he made claim to the same. Both stood by and confessed the bill which asserted that the lands should be sold for liens and debts. On the face of the will exhibited in the cause, the one hundred acres was chargeable as they confessed it to be. What error was there in taking the matter as they confessed it? What else could the court do?

The motion overruled by the order of November 29, 1912, was one simply to reverse the decree to which it related for any error for which an appellate court might reverse the decree. Code, ch. 134, sec. 5. It could not be made the implement of opening the cause to let in something that was not litigated therein. No such motion can be made to pertain to something not theretofore involved in the issues and litigated in the cause. It may have been the fault of the appellant that the decree of sale did not involve a litigation of his claim to the one hundred acres, but he could not cure that fault by the use of the statutory motion which he employed. The language of Judge SANDERS in *Ferrell* v. *Camden,* 57 W. Va. 401, is pertinent: "This motion is only for the purpose of correcting an erroneous decree, and not to enable the defendants to open up the cause for the purpose of making defense."

But, says the appellant, the decree of sale was erroneous in that dower was not assigned to the widow, and the motion reached such error. True, it may have been error to sell the land for the liens and debts of 'the decedent without first assigning dower to the widow. But how is the appellant Isaac B. Butcher prejudiced by that? One can not on appellate process take advantage of an error that does not prejudice his rights. We need not cite authority for this proposition. The failure to assign dower to the widow was favorable to Isaac F. Butcher as a complaining creditor in the cause. Moreover, his contention that dower should have been assigned to the widow is directly inconsistent with his claim that the one hundred acres was devised her in lieu of dower.

As we have seen, the motion to reverse the decree of sale was properly denied as to both grounds on which it was based. Though the order denying the motion embodies some immaterial considerations, the absence of these immaterial considerations, or the grant of the amendment of the order, sought below by appellant, would have given his motion no better standing. The finding of absolute want of ground for the motion to reverse the decree of sale, precludes and

forecloses consideration of such matters. The order will be affirmed.

*Affirmed.*