## CHARLESTON.

FANT, RECEIVER v. LAMON *et al.*

Submitted September 4, 1884.—Decided December 5, 1885.

It is not sufficient to reverse a decree, that it is erroneous. Errors must appear to the prejudice of the party complaining thereof.

*C. J. Faulkner* for appellant.

*W. H. H. Flick* for appellee.

JOHNSON, PRESIDENT :

This is an appeal from decrees of the circuit court of Berkeley county, granted by this Court at Charlestown, August 3, 1877. It seems to have been pending in this court some eight years, but in fact it was not matured for hearing until the August term, 1879, at which a *certiorari* was ordered upon the request of one of the parties, and the cause continued. The *certiorari* was made returnable forthwith; but it was never returned. At the August term, 1880, it was continued, and so in 1881, 1882 and 1883. On September 11, 1883 another *certiorari* was awarded returnable forthwith. On September 4, 1884, notwithstanding the *certiorari* was not returned, the cause was submitted, and the court has been waiting for the return of the *certiorari*, because it could not properly decide the cause without it, and it was not returned until the present term of the Court. This explanation is made, because it is unusual for a cause to be pending in this Court so long.

From the record, as it is now before us, it appears that Chas. J. Faulkner many years ago filed a creditors' bill in the circuit court of Berkeley county against John E. Boyd and others, to subject to sale the lands of the said John E. Boyd for the payment of the liens thereon. Two judgment-liens in favor of "The Bank of the Valley" were reported against the lands of the said Boyd. Hamilton G. Fant had been made receiver and assignee of the said bank and was a party to said suit. The said Fant, receiver, &c., filed his petition in said cause complaining, that the taxes on said

land for the years 1870, 1871 and 1872, amounting to $882.35 had been treated by the court not only as a lien on said lands but as a prior lien to said judgments recovered long prior to the assessment of said taxes, and complained in said petition of the decree directing the payment of said taxes as the first lien on the land out of the funds arising from a sale of the land.

The petitioner sought to have the decree corrected, and being denied he appealed from the decree of June 10, 1873, confirming the commissioner's report, fixing the liens and ordering distribution of the funds then in the hands of the court, and also from the decree of May 29, 1874, denying the prayer of his petition. Since the return of the *certiorari* the record shows, that J. J. Nicholson & Sons, John Johns Jr., W. J. Knott, G. S. Knott and C. H. Knott, executors of Samuel Knott deceased, filed their petition in said cause, in which they alleged, that in the suit of the Merchants National Bank of Baltimore *vs.* The Bank of The Valley of Virginia, instituted in the circuit court of the United States for the eastern district of Virginia, H. G. Fant was appointed receiver of the assets of said defendant; that among the assets were two judgments obtained, the one in June, 1860, for $202.76 by the said defendant bank against John E. Boyd with interest and costs, the other for $4,043.50 in favor of said bank against said John E. Boyd and others, to be discharged by the payment of $2021.75 with interest and costs; that said judgments were properly audited in this suit; that by a decree rendered January 17, 1876 in the said circuit court of the United States said judgments were assigned to the petitioners, and that no part thereof had been paid to them; and the petitioners prayed, that the court would order the amount of said judgments paid to them, &c. One Casper Stump answered said petition and averred, that he was the owner of said two judgments, and that he had owned them for fifteen years; that shortly after Mr. Faulkner was appointed attorney for the bank, in 1867 or 1868, he then supposing said judgments to belong to the bank caused execution to issue thereon. He was promptly informed by the defendant, Boyd, that they had been paid to the bank by respondent at his request, and in a few days

thereafter respondent called on Mr. Faulkner and exhibited to him his receipts from the officers of the bank for said judgments, which satisfied Mr. Faulkner, and he directed the sheriff to return the executions or hold them subject to the order of the respondent; that the rights of respondent were brought to the special notice of the receiver and assignee of said bank, and he expressed himself entirely satisfied of respondent's title to said judgments, &c. On that answer was endorsed the following:

"I have read the within answer to the petition of Nicholson & Sons and others and adopt its statements and views as my answer to the said petition.

"HAMILTON G. FANT,
"*Receiver of Bank of The Valley of Virginia.*"

Not content with this he answered the said petition, in which he says that "his attention was called some three or four years ago to the two judgments in the name of the Valley Bank against John E. Boyd; that he examined the evidence of Casper Stump's title to said judgments; that he ascertained to his entire satisfaction, that the said judgments had been paid by the said Stump to the proper officers of the bank, and receipts given to him for said payments. He saw that the Bank of the Valley and its creditors had no interest whatever in said judgments, and he accordingly directed the attorney of the Bank in West Virginia to endorse the same for the use of the said Stump."

Charles J. Faulkner also answered said petition, and in his answer said referring to said judgments: "Supposing them to be a part of the assets of the Valley Bank for the payment of the creditors of that corporation, he directed executions to be issued and placed in the hands of the sheriff. He soon learned however, from the defendant Boyd, that these debts had been paid over to the bank and that the creditors had no interest in them. In a short time thereafter, Casper Stump called to see this respondent, and exhibited to him the evidence of his title to the same. * * He consequently at once recognized the fact, that neither the trustee nor the creditors of that corporation had any interest in these executions and he accordingly directed the sheriff to return them to the office, or hold them subject to the order of Mr. Stump. As

the claims were large and audited in the name of the Valley Bank, he deemed it his duty to call the especial attention of H. G. Fant to those claims; to lay before him the evidence of Mr. Stump's title to them, and get his instructions in regard to the same. The receiver and assignee recognized Mr. Stump's full right to the same, and directed this respondent to indorse them for his use."

The cause was heard upon said petition, the said answers and exhibits, and papers accompanying said answers, and the court decided that said judgments had been fully paid to said Bank, by Casper Stump, before the decree was entered in the circuit court of the United States, 'that the right of the defendant Casper Stump to the benefit of the said judgments was fully recognized by the receiver and assignee of the said Bank," before the said decree in said circuit court of the United States was entered, and ordered the said petition to be dismissed at the costs to the petitioners.

The same receiver, H. G. Fant, who answered said petition, by his counsel, Charles J. Faulkner, who also answered said petition, appeals to this Court and says he is aggrieved by the two decrees complained of. It is clearly shown, that he had no interest whatever in the suit. No one is complaining of said decrees save him. If there are any errors therein they are not to his prejudice. It is not sufficient to reverse a decree, that it is erroneous; the error must be prejudicial to the appellant, or it will not be reversed at his instance. (*Clark* v. *Johnston*, 15 W. Va. 804.) The decrees appealed from are affirmed.

AFFIRMED.