# CHARLESTON.

CLARK, TRUSTEE, *v.* McCLAUGHERTY.

Submitted January 19, 1903.    Decided April 25, 1903.

1. DEED—*Delinquent Land—Redemption.*

By deed dated and recorded January 30, 1895, M. conveyed to F. lot 11, in the town of Union, Monroe County, the lot was not

transferred on the assessor's books for the year 1895 to F., but was charged in name of M., returned delinquent and sold by the sheriff for the taxes of that year on the 13th day of December, 1897, and was purchased by J. M. C. On the 28th day of July, 1898, F. conveyed the lot to C., trustee, to secure a debt to A. No offer was made to redeem within a year from day of sale, and the purchaser neither took a deed nor order therefor of a court or judge within the second year after the sale. On the 14th day of December, 1899, C., the trustee, offered to redeem the lot as such trustee, and as such, agent of F. when J. C. M. refused to permit redemption and on the 16th of December, 1899, procured a deed from the clerk for said lot. In a suit brought by the trustee to set aside such deed. *Held*: that C. has the right to redeem. (p. 377).

Appeal from Circuit Court, Monroe County.

Bill by R. L. Clark against J. C. McClaugherty. Decree for plaintiff, and defendant appeals.

*Affirmed.*

W. Walter McClaugherty, for appellant.

R. L. Clark and John Osborne, for appellee.

McWhorter, President :

By deed dated January 31, 1895, Alexander McClearn and wife conveyed to Minerva French lot No. 11, in the town of Union, Monroe County. By deed executed on the 28th of July, 1898, said French and her husband conveyed the said lot to R. L. Clark, in trust to secure the payment to Eunice J. Andrew, the payment of five negotiable notes of $41.12 each, at one, two, three, four and five years respectively, with interest, payable semi-annually. Said lot was charged in the name of Mc-Clearn on the assessor's books for taxes for the year 1895, not having been transferred to the grantee on said books for that year, but in subsequent years was charged to said grantee and taxes paid. The lot was returned delinquent for the year 1895, in the name of McClearnan and sold by the sheriff for taxes for said year on the 13th of December, 1897, and purchased by J. C. McClaugherty, who was clerk of the county court of Monroe County. The lot was not redeemed and no application made therefor to the purchaser by any person having a right to redeem it, as provided in section 15, chapter 31, Code, within the year from the day of sale, and no steps were taken by the pur-

chaser to obtain a title therefor within the second year after the day of sale. On the 14th day of December, 1899, after the close of the second year from the day of sale the trustee, R. L. Clark, plaintiff in this cause, applied to the purchaser, Mc-Claugherty, and offered to redeem the lot, tendering the proper amount for its redemption, which the purchaser refused to accept or permit the said Clark to redeem, and on the 16th day of December, 1899, the purchaser procured from J. D. Beckett, clerk of the circuit court of Monroe County, a deed for said lot, the clerk of the county court being the purchaser. At the September rules, 1900, the said Clark, trustee, filed his bill against J. S. McClaugherty, Minerva French and Edith Andrew in the circuit court of Monroe County, praying that the deed for said property made on the 16th of December, 1899, by the circuit clerk, Beckett, to the purchaser, McClaugherty, be set aside, canceled and held for naught, and for general relief.

The depositions of Beckett and Clark were taken and filed in the cause on the 27th day of March, 1901, the cause was heard upon the bill and exhibits, the amended and supplemental answer of defendant and the exhibits filed therewith, and the bill taken for confessed as to Minerva French and set for hearing on order of publication as to defendant Andrew when the court held that plaintiff R. L. Clark, trustee, was entitled to redeem the lot of land from the purchaser, McClaugherty, and that he had offered to redeem the same before the defendant, McClaugherty got a deed therefor; and entered a decree permitting such redemption upon the payment to McClaugherty of $27.84, being the amount of taxes and interest, costs and charges thereon paid by McClaugherty on said lot as of March 26, 1901, and set aside the said deed to McClaugherty with costs against the defendant, McClaugherty, from which decree said defendant appealed. The only question involved in this cause necessary to consider is whether the plaintiff had the right to redeem the lot at the time he applied to the purchaser on the 14th of December, 1899, to make redemption thereof. If he had the right to redeem then the decree must be affirmed.

It is contended by appellant that under section 24, chapter 31, Code, Minerva French is the only person who had the right to redeem; that said section cannot be construed to include

the assignee, alienee or vendor of the former owner; as the section provides that the "former owner, his heirs and devisees" only were vested with the power to redeem; that while section 15 extended the right to redeem to the former owner, his heirs or assigns or any person having a right to charge such real estate for a debt within one year from the sale; section 24 which provided another and different period in which redemption might be made and confined the right to redeem solely to the "former owner, his heirs and devisees." In 25 Am. & E. E. L. 412 (1st ed.) under "Who may redeem" says "The terms 'owner,' 'persons in interest,' and like expressions, have received a broad construction" and cites many authorities. In *Adams* v. *Beale,* 19 Iowa, 61, it is held: "The term 'owner' and 'parties in interest' in redemption laws have a broad and comprehensive meaning" and further "Any right which in law or in equity amounts to an ownership in the land; any right of entry upon it, to its possession or enjoyment of any part of it, which can be deemed an estate, makes the person an owner so far as it is necessary to give him the right to redeem," and in *Dubois* v. *Hepburn,* 10 Peters, (U. S.) 1, construing a section of the act of Assembly of Pennsylvania, providing for sale of lands for taxes, it is held: "The law of Pennsylvania, authorizing the redemption of lands sold for taxes, ought to receive a liberal and benign construction in favor of those whose estates will be otherwise divested; especially where the time allowed is short, an ample indemnity given to the purchaser, and a penalty is imposed on the owner. The purchaser suffers no loss; he buys with full knowledge that his title cannot be absolute for two years; if it is defeated by redemption, it reverts to the lawful proprietors. It would seem not to be necessary for the purposes of justice, or to effectuate the objects of law, that the right to redeem should be narrowed down to strict construction. It comports with the words and spirit of the law, to consider any person who has an interest in lands sold for taxes as the owner thereof, for the purpose of redemption. Any right, which in law or equity amounts to an ownership in the land; any right to enter upon it, to its possession, or enjoyment, or any part of it, which can be deemed an estate in it; makes the person the owner, so far as it is necessary to give him the right to redeem." In Bouvier's Law Dictionary, it

is said, "The word 'owner' has no technical meaning and, being *nomen generalissimum,* should, especially when used in a remedial statute be construed liberally in favor of the parties of whom it is the duty and intention of the legislature to protect." *Railroad Co.* v. *Boyer,* 13 Pa. St. 497-499; *Watson* v. *Railroad Co.,* 47 N. Y. 161; *Moeler* v. *Harvey,* 16 Phila. 66; *Schilt* v. *Harvey,* 105 Pa. 222; 1 Hares Am. Const. Law, 355; *Dow* v. *Gould,* 31 Cal. 629, 649.

It has long been settled in Virginia and this State that a trustee in a deed of trust is a purchaser for value, being a purchaser and holding the legal title he is an owner having a right to redeem under section 15. If an "owner" under section 15, he is certainly a "former owner" under section 24. In Hogg's Eq. Pr., section 478 "It is settled beyond any question that the trustee in a deed of trust is the agent of the grantor and the beneficiary, and that he should so act as to promote the best interests." *Stove Works* v. *Gray,* 9 W. Va. 469; *Hartman* v. *Evans,* 38 W. Va. 669; (18 S. E. 810), syl. 7. The appellant insists upon a strict and literal construction of section 24, so as to confine it exclusively to "the former owner, his heirs and devisees," where it is provided that "If no deed or order therefor, of the court or judge, be made under the provisions of this chapter within one year after the right to redeem the real estate sold as aforesaid, shall expire as hereinbefore provided, the former owner, his heirs or devisees, may after such year and before such deed or order is made, redeem," etc. If this literal construction is to be given to section 24, then applying the same rule to section 15, a devisee could not redeem under that section as devisees are not mentioned therein, but only the owner, and "the heirs and assigns or any person having a right to charge such real estate for a debt." So the 27th section providing that "if the owner of any real estate sold for the non-payment of taxes thereon, his heirs or assigns claim that the taxes on account of which the sale was made were not in arrear he may, within five years after the deed shall have been obtained and admitted to record intitute a suit in equity against the purchaser, his heirs or assigns, alleging the payment of taxes and seeking to have the sale and deed declared void," etc. The same construction given this section, as that insisted upon by the appellant to be given section 24, would afford no relief to the

personal representative or devisees of the owner. Appellant claims that under said section 25, chapter 31, where it is provided: "If at the time of such sale the real estate sold be under mortgage or deed of trust, or there being any lien or encumbrance thereon, and the mortgage, trustee, *cestui que trust,* or person holding any such lien or encumbrance, shall fail to redeem the same within the time prescribed by the fifteenth section of this chapter, then all the right, title and interest of such mortgage, trustee, *cestui que trust,* and of the person or persons holding any such lien or encumbrance on the real estate so sold and not redeemed, shall pass to and be vested in the grantee in such deed; and his title to the premises shall in no way be affected or impaired by any such mortgage, deed of trust, lien or encumbrance." This is a provision for the protection of the purchaser against the holder of a debt or lien who fails to exercise his right to redeem under said chapter, where a deed has been properly obtained. The plaintiff in this case not only offered to redeem in his own right as trustee for the *cestui que trust,* but as the agent for the owner. This case involves no question of irregularity invalidating a tax sale, but only the right of redemption from a regular and valid sale. Our construction of the statute is, that, during the first year, under section 15, certain persons have the right to redeem. If that right be not exercised within the first year, nobody can redeem as against the purchaser at any time within the second year, during that time, he may take his deed, concluding the rights of all others as to the land. If he fails to take the deed during that year, section 24 reopens for redemption against him in favor of the "former owner, his heirs and devisees" and we hold the trustee to whom the legal title was conveyed in the first year after the sale, to be an "owner" within the meaning of section 15, and a "former owner" within the meaning of section 24, and therefore, entitled to redeem.

There is no error in the decree and the same must be affirmed.

*Affirmed.*