# CHARLESTON.

### N. J. JENKINS *v.* W. H. KIRBY *et al.*

Submitted February 28, 1922.   Decided March 7, 1922.

1. TAXATION—*Sale of Land for Benefit of School Fund—Parties Necessary.*

   Where a suit is brought by the state to subject real estate to sale for the benefit of the school fund, and the state's title is derived from a tax sale made in the name of a former owner, but after he had conveyed the land to another whose title is of record, such grantee is a necessary party to such suit.   (p. 439).

2. SAME—*Sale of Land for Benefit of School Fund—Remedy of One Necessary as a Party to Suit who was not Made a Party Thereto.*

   Such a purchaser from the person in whose name the land was returned delinquent for taxes, if not made a party to such school land suit, may maintain a bill to set aside a sale made therein, where he contends that the state had no title to such real estate at the time of the sale thereof by the school land commissioner, because the delinquent list under which the sale was made by the sheriff was void, or because any title acquired by the state was transferred to him under the provisions of the Constitution because of his possession of and payment of taxes on such real estate.   (p. 439).

Error to Circuit Court, Mercer County.

Action by N. J. Jenkins against W. H. Kirby and others. Judgment for plaintiff, and defendant, W. H. Kirby, brings error.

*Affirmed.*

*Thomas H. Scott* and *Hartley Sanders,* for appellant.
*McClaugherty & Richardson,* for appellee.

RITZ, JUDGE:

Reversal is sought upon this appeal of a decree of the circuit court of Mercer county setting aside a deed made by the Commissioner of School Lands to the defendant conveying

a house and lot situate in the City of Bluefield which the plaintiff claims belongs to him.

For the year 1914 the real estate in question was properly assessed upon the land books of Mercer county in the name of G. E. Stafford, the then owner thereof. The taxes for said year were not paid, and upon a return of the same delinquent for such non-payment, which delinquent return is challenged, the same was sold and purchased by the State. A suit was brought by the State returnable to August Rules, 1918, for the purpose of subjecting to sale this lot, among others, for the benefit of the school fund. Such proceedings were had in that suit that on the 13th of December, 1919, a decree was entered directing the sale of said real estate, and on the 2nd of June, 1920, the same was sold by the Commissioner of School Lands, and purchased by the defendant Kirby. This sale was duly reported and confirmed by the Court, and on the 2nd of August, 1920, under the direction of the Court, a deed was made by the Commissioner of School Lands conveying the lot to the said Kirby, and it is this deed and the decree confirming the sale, as well as the decree of sale, which is set aside by the decree complained of in this suit.

It appears that G. E. Stafford, who was the owner of this lot when it was assessed with taxes for the year 1914, was declared a bankrupt in that year; that just prior to being so adjudged bankrupt he conveyed this lot to one M. K. Harman who in turn conveyed it to the wife of Stafford, who in turn conveyed it to one F. C. Bernard. The trustee in bankruptcy filed a bill alleging that these transfers by Stafford to Harman, and from Harman to Stafford's wife, and from her to Bernard, were fraudulent, and were for the purpose of depriving the creditors of said Stafford of the benefit of said real estate. Such proceedings were had in this suit that said deeds were set aside, and the said house and lot sold by the trustee in bankruptcy, at which sale L. J. Holland, Trustee, became the purchaser. The said lot was conveyed to the said Holland by proper deed on the 2nd of July, 1915, and on the 4th of August of that year said Holland, Trustee, conveyed the same to the plaintiff in this suit. For the year 1915 said lot

was entered upon the land books and assessed with taxes in the name of F. C. Bernard, the fraudulent grantee of said Stafford. For the years 1916, 1917, 1918, 1919 and 1920 it was regularly entered upon the land books of Mercer county and assessed with taxes in the name of the plaintiff to this suit, and all of the taxes charged or chargeable against the same for those years were paid by him. For the non payment of the taxes assessed and charged against the same for the year 1915 in the name of F. C. Bernard the said lot was returned delinquent, but before any sale thereof was made the taxes so delinquent thereon were paid to the proper authority by the plaintiff here, so that since his purchase of the lot the plaintiff has paid all taxes properly assessable against the same for six years. It also appears that he has been in the actual possession of the house during all of that time living therein with his family. Upon discovering that his house and lot had been sold and conveyed by the Commissioner of School Lands to the defendant, he brought this suit for the purpose of setting aside the deed, as well as the decree of sale, and the decree confirming the sale thereof, alleging in addition to the facts above stated that he was not made a party defendant to the suit brought by the State for the purpose of subjecting the said property to sale, and in which suit the decree of sale was made; that the State at said time did not have any title to said property which it could properly sell, for the reason that the delinquent list made by the sheriff for the year 1914 was not sworn to by him before or at the time it was presented to and allowed by the county court; that while the order of the county court allowing the same shows that it was sworn to, an examination of the delinquent list itself shows that while it was presented and allowed on the 31st of July 1915, it was not in fact sworn to until the 15th of August following, and for this reason the plaintiff contends that the State did not acquire any title to his lot under the sale made by the sheriff. He further contends that the State did not have any title to his lot at the time it sold the same to the defendant, for the reason that he had been in the actual possession thereof for more than five years, and paid all the

taxes charged and chargeable thereon during that time, and that even if the State did acquire any title thereto by its purchase at the tax sale aforesaid such title became transferred to him under the provisions of the Constitution of this State; and because he was not made a party defendant to the suit brought by the State for the purpose of selling. the said lot he asks that the decree of sale, as well as the sale itself, the decree confirming the same, and the deed to the defendant in pursuance thereof, be set aside, in order that he may make defense to said bill after being properly made a party thereto.

The law requires that all known claimants of real estate sought to be sold for the benefit of the school fund in a suit brought for that purpose must be made parties defendant, and the only contention of the defendant here is that the plaintiff was not such a known claimant at the time of the institution of the State's suit. He was at that time in possession of the property. He had been paying taxes on it assessed by the agents of the state for several years. He had a deed on record conveying the lot to him, and he comes clearly within the definition of a known claimant, as laid down by this Court in the cases of *Preston* v. *Bennett*, 67 W. Va. 392; *Neal* v. *Wilson*, 79 W. Va. 482; and *Ellis* v. *Hager*, 87 W Va. 313. It will not do to say, as is urged by the defendant, that it would be imposing upon the Commissioner of School Lands and his attorney an undue burden to require him to ascertain such claimants to lands sought to be sold. The officers of the State charged with the duty of assessing the real estate for taxes had no difficulty in determining that the plaintiff was the owner thereof, and in charging him with the taxes against the same, and it is not perceived that it would be any more difficult for the Commissioner of School Lands to have determined his interest therein than it was for such taxing officers to do so.

Whether the plaintiff's contention that the State acquired no title under the sale made by the sheriff, because of the defective delinquent list, is tenable; or his other contention, that any title that the State may have acquired was trans-

ferred to him under the Constitution, because of his possession and payment of taxes upon the property, can be sustained, are questions which must be decided in the suit brought by the State for the purpose of subjecting the real estate to sale for the benefit of the school fund, but before the plaintiff in this suit can present such matters to the court in that suit it is necessary for him to first get rid of the decree of sale, the sale itself, the decree confirming it, and the deed made in pursuance thereof. He was entitled to be heard in that suit before a decree was entered therein adjudicating that his house and lot were subject to sale, and he is still entitled to be heard therein upon that question. The decree of the court below entered in this case simply sets aside the decree of sale, the sale made under it, and the decree confirming it, and the deed made to the defendant. This leaves the suit pending, and it will now devolve upon the State, if it desires to proceed further against the plaintiff's lot, to amend its bill and make the plaintiff a party defendant to that suit in order that he may assert the rights contended for by him; and in case his contentions should be decided adversely to him, he would then have a right to redeem his property from the delinquency for which it was sold upon payment of the taxes and proper costs and charges. This case is not like that where a party admits the title in the State, and seeks to simply set aside a sale made by the commissioner of school lands for the purpose of being allowed to redeem, as was the case of *Neal* v. *Wilson, supra.* In that case we treated the bill as a petition in the school land suit upon the theory that the petitioner, not having any title by his own admissions, could not maintain a separate suit relative to the real estate. In this case, however, the plaintiff contends that he has good title to the lot, and that the State had no right to proceed against the same at the time it did, and of course the objection to the maintenance of the suit because of lack of interest which made necessary the treatment of the bill as a petition in the school land suit in the case of *Neal* v. *Wilson* does not here exist.

We are of opinion that the decree of the circuit court is plainly right, and the same is affirmed.

*Affirmed.*