# CHARLESTON.

J. W. Copley and Ira Maynard v. L. T. Webb, Adm'r., G. W. Hatfield et al.

(No. 5941)

Submitted November 8, 1927.   Decided November 15, 1927.

1. Equity—*Movant, to Correct Decree Must be Aggrieved by Error he Moves to Correct (Code, c. 134, § 5).*

   The movant under sec. 5, chapter 134, Code, must be aggrieved by the error he moves to correct. (p. 484.)

   (Equity, 21 C. J. § 880 [Anno].)

2. Same—*Statute Held Not to Authorize Reopening Cause for Further Litigation; Statute Relating to Correcting Decree Held to Permit Error in Decree to be Corrected Only From What Appears in Record at Time of Motion (Code, c. 134 § 5).*

   Sec. 5, Chapter 134, Code, does not authorize a court to re-open a cause for further litigation. It permits error to be corrected only from what appears in the record at the time of the motion. (p. 484.)

   (Equity, 21 C. J. § 880.)

   (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mingo County.

Suit by J. W. Copley and Ira Maynard against L. T. Webb, administrator of Ira Webb, deceased, and others. From a decree for defendants, plaintiffs appeal.

*Reversed.*

*Stafford & Copley* and *G. W. Crawford,* for appellants.

HATCHER, PRESIDENT:

In February 1924 the First National Bank of Williamson instituted a general creditors' suit against Ira Webb and others. The cause was referred to a commissioner in chancery. He published the notice to lien holders required by the statute and took and stated an account to which only one litigant excepted. On May 30, 1925, the circuit court entered a decree confirming the report of the commissioner in all respects save as to the one exceptor, fixing the priority of the claims, directing a sale of Webb's land to pay the claimants, and appointing special commissioners for that purpose. A report was filed by the commissioners the following April showing sales of part of the real estate. That report and the sales therein reported were confirmed.

Ira Webb died pending the action, and the cause was revived in the name of L. T. Webb, his administrator. On May 8, 1926, the administrator, and defendant G. W. Hatfield, moved the court "to set aside and vacate for errors apparent upon the face of the record, the final decree entered herein on the 30th day of May, 1925". The order of the court entered May 8th recites that the decree of May 30th, had been entered by default as to defendants, Ira Webb and G. W. Hatfield; and "that there were errors apparent upon the said face of the record in this; that said decree does not adjudicate all of the liens against the real estate of said defendants or their order of priority". The order then set aside and vacated the decree of May 30th except in a few details, and recommitted the cause to the commissioner to take and state another report.

After another publication to lien holders, the commissioner filed a second report. This report was confirmed on September 29, 1926, (except as to a few items), and special commissioners to sell the property were again appointed.

On December 18, 1926, defendants J. W. Copley and Ira Maynard presented to the circuit court a bill of review setting up the foregoing matters and alleging that they were aggrieved by the decree of May 8, 1926, and that the same was erroneous. The bill prayed for an order restraining the

commissioners from executing the decree and for a review of the proceedings. The court denied the injunction and rejected the bill.

The motion of the administrator and Hatfield was based on Section 5, Chapter 134, Code, which authorizes a circuit court, on motion of a party in default, to reverse a decree "for any error for which an appellate court might reverse it". The right of the administrator and Hatfield to make the motion is questioned on the theory that they were not prejudiced by the error of which they complain. If not aggrieved, they would, of course, have no right to protest. "It is not sufficient to reverse a decree that it is erroneous. Errors must appear to the prejudice of the party complaining thereof." *Fant* v. *Lamon*, 27 W. Va. 229; *Greenlee* v. *Steelsmith*, 64 W. Va. 353 (366). The decree of May 8, 1926, does not designate the liens not adjudicated in the decree of May 30, 1925. A determination of this question would therefore require a comparison of the pleadings and the commissioner's report with the decree. The report is voluminous and the decree is long. The expenditure of time to make this comparison is not necessary in view of patent error in the order of May 8th. Even had the movants the right to relief, the court should have corrected the decree of May 30, 1925, only so far as it aggrieved them. That correction should have been made from data in the record as it existed at the time of the motion. The court had no authority to re-open the cause. "The motion sanctioned by the Code, Chapter 134, Sec. 5, is simply for the purpose of correcting error apparent in the record, as upon appeal or writ of error. It cannot avail to open the cause to let in a defense that was not issued and litigated." *Horner* v. *Life*, 76 W. Va. 231. In commenting on the statute, the opinion (page 235), says: "It could not be made the implement of opening the cause to let in something that was not litigated. No such motion can be made to pertain to something not heretofore involved in the issue and litigation in the cause." That case follows *Ferrell* v. *Camden*, 57 W. Va. 401, which construes the statute as follows: "The statute only means to reverse it in the respects in which there is found to be error, and when it is reversed in this respect, to

enter such decree as should have been entered in the first place, as the record of the case was then made." (page 407). The opinion points out that the motion referred to in the statute is made by a party who has been personally served or has appeared—who has had a day within which to present his case but failed to do so, and that the statute was not designed to give one so indifferent another opportunity to make his defense. "Where parties who have been personally served with process or appeared in the cause choose to make no defense, they have the right, by motion, to correct any error which the court may have committed, but this is as far as the privilege is extended them under this section. They waived their right to make defense to the suit by not answering or making an issue, but did not, of course, waive the right to have the case properly tried upon the record as made, and, upon their motion to reverse, can only ask that that be done, that is, the correction of any error that may be found in the decree. This motion is only for the purpose of correcting an erroneous decree, and not to enable the defendants to open up the case for the purpose of making defense." (Page 408-9.)

Appellants were justified in demanding a review of the decree of May 8, 1926. "If there be error in the decree, and you can show it by the record, * * * you can cure it by bill of review in the same court which pronounced the decree." *Dunn's Ex'rs.* v. *Renick,* 40 W. Va. 349 (363). It was therefore error for the circuit court to refuse to entertain their bill, and the order of December 18, 1926, rejecting it, will be reversed.

*Reversed.*