## CHARLESTON.

HENRY ASBURY *v.* R. L. ADKINS *et al.*

(No. 6519)

Submitted September 18, 1929.   Decided September 24, 1929.

*Lillian S. Robertson* and *E. E. Robertson,* for appellant.
*J. Howard Hundley,* for appellee Adkins.

WOODS, PRESIDENT:

This suit was instituted against R. L. Adkins, Jr., J. A. Logan and Ellis England, for the purpose of having a certain deed, executed by the Commissioner of School Lands to R. L. Adkins, Jr., set aside, and for the further purpose of permitting the plaintiffs to redeem the land so conveyed. The plaintiffs, Henry Asbury and W. T. Moore, claim that they were not served with process in the School Commissioners suit, although made parties thereto. On the hearing, the trial court held that Asbury was not served, that he was not a necessary party, and dismissed his bill of complaint. It is from this ruling that Asbury appeals.

J. A. Logan and Ellis England were owners in fee of a certain lot in the town of Dunbar in 1920. On September 30, 1920, England and wife transferred a half-interest in and to said lot to W. T. Moore. On March 24, 1923, J. A. Logan and wife conveyed a one-half undivided interest to Henry Asbury, and Asbury on April 5, 1923, conveyed his interest to W. T. Moore; and W. T. Moore, to secure the payment of the purchase money, represented by four promissory notes, executed a deed of trust on the entire lot of land to O. B. Bobbitt, trustee. The taxes for the year 1921, assessed in the names of Logan and England, were not paid, and the land became delinquent for taxes and sold to the State for taxes of 1921, on January 14, 1924. The chancery suit, instituted at the instance of the School Commissioner in 1925, styled *State v. T. C. Hall* and others, included this tract, which was sold to R. L. Adkins, Jr.

As to the question of whether or not the appellant here was served with process in the former suit, we are bound by the finding of fact of the lower court. The only question remaining is: Does the appellant have such an interest as entitles him to redeem? If so, he is a necessary party; otherwise, no.

In referring to Chapter 31, Code, this Court has held that statutes must be liberally construed in favor of persons entitled to redeem. *Danser* v. *Johnsons*, 25 W. Va. 380; *Poling v. Parsons*, 38 W. Va. 81. The rule necessarily applies to the

interpretation of provisions of Chapter 105, relating to the sale of forfeited lands by the State. So much of Chapter 105 of the Code relating to the sale of forfeited lands for the benefit of the school fund, as is germane to the question at issue, is summarized as follows:

"6. * * * the former owner of any such tract of land at the time of forfeiture thereof, or the person in whose name the same is forfeited, shall, if known, be made a party defendant in such suit, and all persons claiming title to or interest in any such lands, shall, also, as far as known, be made parties therein," etc.

"17. The former owner, his heirs, devisees or assigns of any real estate forfeited * * * to the state of West Virginia, may at any time during the pendency of the suit for the sale thereof, * * * file his petition therein," etc.

Did Asbury come within these provisions? The Commissioner of School Lands upon filing his suit for the sale of delinquent lands, including the lot here in question, acted on the theory that Asbury was a necessary party, and included him as a party defendant. But, as we have already adverted to, lack of service of process upon him made futile the act of making him a party to the suit. The manifest object of the statute is to afford all known claimants of real estate sought to be sold for the benefit of the school fund an opportunity of establishing any claims they have to the title of the land and give them the right of redemption. *Preston* v. *Bennett,* 67 W. Va. 397; *Jenkins* v. *Kirby,* 90 W. Va. 436. The failure to make any such claimant a party for the purpose aforesaid, renders void the decree of the sale of his lot and the deed executed in pursuance thereof. Although divested of his title by the tax sale, the claimant would have such a substantial equity or property right, by virtue of his right to redeem, as a court of equity will respect. *Neal* v. *Wilson,* 79 W. Va. 482. What position does Asbury hold as to this litigation? He was the grantee of Logan in whose name the lot of land was forfeited for the non-payment of taxes. He was the grantor of the lot to Moore in a deed con-

taining covenants of general warranty. It had become forfeited before he made such conveyance to Moore, and hence would be liable to him to make good title under such covenant to warrant generally the property conveyed. Then again, Moore, as a consideration for the lot in question, executed a deed of trust upon the lot to secure payment thereof. So, we see that at the time of the sale in the suit brought by the commissioner of school lands, Asbury held the beneficial interest in the land while Moore merely held the shell. The legal title to the lot was in fact in Asbury's trustee. The statute broadly extends to "the former owner, his heirs, or assigns" the right of redemption. Asbury was plainly an assign of Logan, who was the owner of the land at the time of forfeiture. If so, he would have the right to redeem as such. Whether by virtue of his deed of trust on the land to secure the purchase money, he would come within the purview of the statute as one having an "interest" therein, is another question. Authority is cited by the appellee to the effect that the lien of a judgment is not an interest in the title to land, nor even that a vendor's lien on property is not an interest in the property. He contends that by the term "interest" as used in the statute (Chapter 105, section 6) under consideration is meant an estate in property that can be conveyed by deed. That there is merit in his contention, in a general way, there is no doubt. But, under the benign view we must take of the statute under consideration, does this rule apply here? We think not. The cases cited by appellee deal with the term "interest" with reference to the title to real estate. In the statute here reference is made to two classes of persons who should be made parties to a suit by the commissioner of school lands, namely, one having title to, and the other having an interest in, the real estate. It was the evident purpose of the Legislature to throw a shield around all persons whose rights would be affected by the forfeiture and sale of lands. This Court, in *Clark* v. *McClaugherty*, 53 W. Va. 376, said: "It has long been settled in Virginia and this State that a trustee in a deed of trust is a purchaser for value; being a purchaser and holding the legal title, he is an owner having a right to redeem under

section 15 [of chapter 31]." That chapter is akin to the one (Chapter 105) under consideration here. If an owner under the one, why not under the other? Asbury's trustee is not made a party to the suit in question. The general rule in equity suits involving trust property is that the *cestui que trust* as well as the trustee are necessary parties. As we have said, we must, under the decisions, give the statute a liberal construction to effect the purpose intended by the Legislature. In the light of this rule of construction, a consideration of the facts in this case, and the decisions of this Court, inevitably lead us to the conclusion that Asbury falls within either one of the class of persons denominated by the statute "assign," "former owner" or "one claiming interest in any such land," and would thereby be entitled under the statute to assert his right of redemption of the real estate in question, and hence was a necessary party defendant in the suit herein. Being so, the court erred in proceeding to sell the real estate under consideration, without having him before the court.

The decree complained of is, therefore, reversed and the case remanded for further proceedings to be had therein, according to the principles herein enunciated.

*Reversed.*