# CHARLESTON.

STATE *v.* MUSGRAVE *et al.*

(No. 6668)

Submitted May 13, 1930.   Decided May 20, 1930.

*L. C. Musgrave,* for appellant.
*Benjamin G. Reeder,* for the State.
*John Shriver,* for L. Glenn Henry, executor.

LIVELY, PRESIDENT:

This is a suit by the state, at the instance of commissioner of school lands, to sell the surface, and oil and gas royalties thereunder, of a tract of about 70 acres of land in Monongalia county, purchased by the state at a sale made by the sheriff on January 3, 1928, for taxes delinquent for the year 1925, standing on the land books in the name of John T. Musgrave.

John T. Musgrave died testate prior to 1925, and willed the property to defendant Anarah Musgrave, his wife, for her life, remainder in fee to defendants Lawrence S. Musgrave and William Musgrave, his sons.

248

On April 12, 1917, John T. Musgrave and wife executed a trust deed on the property to defendant M. L. C. Pratt, trustee, to secure a debt of $1,000 owing to William Henry, and this debt has passed by will to defendants L. Glenn Henry, Emrod Henry, and M. L. C. Pratt, who now own that debt, so secured.

Lawrence S. Musgrave and William Musgrave answered the bill by guardian ad litem. At least a formal answer by guardian ad litem was filed at rules for them. A demurrer was interposed by Anarah Musgrave, the widow, to the effect that the commissioner of school lands did not tender and file his written report to the circuit court describing the tract of land to be sold, and such report was not filed by the clerk of said court in his office as required by law prior to the institution of this suit, which demurrer was overruled. L. Glenn Henry, executor of Fielding Henry, filed his petition setting up his ownership and that of Omer C. Henry, Emrod Henry, and M. L. C. Pratt of the debt of John T. Musgrave secured by deed of trust on the land in 1917, and prayed to be permitted to redeem the land from sale upon payment of all costs, taxes, and interest chargeable thereon. To this petition Anarah Musgrave demurred, and moved to strike it from the cause, which demurrer and motion the court overruled.

The cause was then submitted, and the court ascertained the amount of taxes, interest, and costs to be $250.85 and decreed that Glenn Henry had the right to redeem, and that said redemption should be for the benefit of all legal and equitable owners of the title to said real estate. The decree adjudges and orders that, upon payment of the taxes, interest, and costs into court, the title of the state to the property be released and all former state taxes of the state thereon be discharged, and the property be placed on the land books for taxation purposes in the name of proper owners thereof. This decree was entered July 25, 1929, from which Anarah Musgrave appeals.

It is claimed as error that the infants, Lawrence S. Musgrave and William Musgrave, were not served with process and did not have a guardian ad litem appointed to defend their interests. The decree says that all of the defendants

were served. There is a formal answer by Clarence Roby, guardian ad litem for the infants, filed at June rules, 1929, found in the record certified to by the clerk. Whether there be error in so far as the infants are concerned, we are not called upon to decide, for there is no appeal by them. They are not complaining. Besides, the decree inures to their benefit.

Appellant insists that her demurrer should have been sustained to the bill on the ground alleged, namely, that the suit was premature and could not be maintained by the state until the commissioner of school lands had first filed his report in the circuit clerk's office, as required by section 5, c. 105, Code. That section, in part, requires the commissioner, at least once a year, to file a written report of lands in his county which have been purchased by the state at a sheriff's sale and so reported to him by the state auditor, and which in his opinion are liable to be sold for the benefit of the school fund. Section 6 of the same chapter requires such report to be recorded in the chancery order book and filed and preserved by him, "and thereupon a suit or suits in chancery shall be commenced and prosecuted * * * in the name of the state" for sale of the lands so reported; and there shall be filed as an exhibit with the bill a copy of the said report. The suit was instituted to, and the bill filed at, June rules, 1929. The report of the commissioner of school lands was filed in the circuit clerk's office on June 5th at the same rules. Whether this was a substantial compliance with the statute, as argued by appellees, is unnecessary to decide, for that error, if error it be, cannot prejudice the appellant. By the result of this proceeding, the appellant has been relieved of the sheriff's sale of her property to the state, and her property has been saved from sale for the benefit of the school fund.

Where there has been a sale by the sheriff for delinquent taxes and the property delinquent has been purchased by the state and not redeemed, it is the statutory duty of the auditor to certify all such property to the commissioner of school lands for sale under chapter 105, Code. Suit by the commissioner to sell for the benefit of the school fund must follow. In this

suit, whether premature or not, the state has received its taxes and the redemption is effected. *Allen* v. *La Follette*, 94 W. Va. 705, 120 S. E. 176. The state cannot again sell for the delinquent taxes of 1925, and we fail to see wherein appellant has been prejudiced by the decree, which provides that the release of the state's title is for the benefit of all legal and equitable owners of the title to said real estate.

It is argued that it was error to permit Glenn Henry to redeem. Clearly he had that right. He stood in the shoes of the beneficiary of the trust deed of 1917. The title to the real estate had been by that deed conveyed to a trustee for his benefit, and he is regarded as a purchaser to the extent of his debt. The title to the land had passed from John T. Musgrave, and he, the life tenant under his will (appellant), and his devisees held only the equity of redemption. This court has held that, where property is sold by the sheriff for taxes and purchased by an individual, a trustee in a deed of trust therein is a purchaser for value, and, being a purchaser and holding the legal title, he is an owner having the right to redeem. *Clark* v. *McClaugherty*, 53 W. Va. 376, 44 S. E. 269. It is not perceived why a trustee or his cestui que trust should not have the same right of redemption in a proceeding of this character by the commissioner of school lands. Statutes of redemption in tax sales are liberally construed. *Asbury* v. *Adkins*, 107 W. Va. 628, 149 S. E. 831. Section 17, c. 105, says that "the former owner, his heirs, devisees or assigns" may file petition to redeem in a suit to sell lands by the commissioner of school lands. The trustee in the deed of trust and the beneficiary therein (Henry) clearly fall within the terms "former owner" and "assigns," when we give to the statute liberal and benign construction in favor of redemption by any party affected by the pending sale.

But we again repeat that appellant is not injured or prejudiced by the redemption by Henry under the decree, for the state's claim to title and to sell for taxes is obliterated, and she now has as much interest in the property as she formerly had by reason of the redemption. It was her duty to have kept the taxes paid, and she is not injured if another person pays

them for her, and thus saves her loss of the title to the property.

Granting, without deciding, that there has been error as contended for by appellant, she is not prejudiced; and we have many times held that a decree, although erroneous, will not be reversed unless the error is prejudicial to the complaining party. A few of the cases are *Hamilton* v. *McKinney*, 52 W. Va. 318, 43 S. E. 82; *McCandless* v. *Warner*, 26 W. Va. 754; *Fant* v. *Lamon*, 27 W. Va. 229.

The decree will be affirmed.

*Affirmed*.