First National Bank of Williamson *v.* Ira Webb *et als.*

(No. 6816)

Submitted April 14, 1931. Decided April 21, 1931.

*G. R. C. Wiles,* for appellant.
*Wade H. Bronson,* for appellees.

Hatcher, Judge:

This appeal involves further proceedings in the general creditors' suit brought originally against Ira Webb, one branch of which was before this Court several years ago and is reported under the title of *Copley* v. *Webb,* 104 W. Va. 482. That decision furnishes the early history of this suit.

A decree was entered upon September 29, 1926, which ascertained the real estate of Webb and his indebtedness, fixed the priority of the liens against his estate, directed a sale of the property and awarded costs to the plaintiff, First National Bank of Williamson. The taxes for 1924 and 1925 were held to be the first liens against the real estate, but the commissioners appointed to sell the property were not directed to pay any of the indebtedness. Sale was had of certain of the lands on January 3, 1927. On January 25, 1927, upon representation of W. H. D. Preece (one of the commissioners appointed to sell the property) that the taxes of 1924

and 1925 had been reported due upon the tracts sold upon January 3rd, and that the taxes thereon for 1926 had also become due, the court entered an order directing the administrator of Webb to pay "any and all taxes due" upon the lands so sold. The order does not recite that the administrator or any of the parties in interest were present in court or had notice of the motion of Preece. In December, 1929, a rule was had against the administrator to show cause why he had not paid the taxes, and in March, 1930, he was ordered to pay as directed in the order of January 25, 1927. He appealed from the rule, and challenges the validity of the order of January 25, 1927.

The decree of September 29, 1926, purported to dispose of the whole subject matter of litigation, to decide all the matters then in controversy, to ascertain the rights of the litigants, and to award costs. It was, therefore, what is technically termed a final decree. This characterization of the decree is not even controverted by the appellees. The term at which this decree was entered had expired before January 25, 1927. The order to the administrator on this later date, was "a mere afterthought and formed no part of the judgment as originally intended and pronounced." The decree of September 29, 1926, was not open to amendment, or supplement in the manner attempted by the order of January 25, 1927. 34 C. J., subject Judgments, secs. 451 and 454; Freeman on Judgments (5th Ed.), secs. 141 and 144. Therefore, that order (January 25, 1927) was void. "After a final decree the court has no further jurisdiction either of the subject-matter or of the parties; and all subsequent orders or decrees entered without notice to the parties are void." *Ruhl* v. *Ruhl*, 24 W. Va. 279; *Morgan* v. *Ry. Co.*, 39 W. Va. 17, 19; *Dixon* v. *Dixon*, 73 W. Va. 7, 11. The order being void, the rule based on the order is also void and is dismissed.

This decision is not to be taken as indicating that the administrator should not pay the taxes which were assessed upon the decedent previous to his death, as Code 1923, chapter 85, section 25, makes the personal property in the hands of the administrator liable for such taxes.

*Rule dismissed.*