McCOACH & COMPANY *et al. v.* J. P. HAGER & COMPANY *et al.*

(No. 9076)

Submitted October 8, 1940. Decided December 10, 1940.

*Charles L. Estep,* for appellants.
*Mark T. Valentine,* for appellees.

RILEY, PRESIDENT:

J. M. McCoach & Company, a corporation, and J. W. Fitchett, trustee, filed their bill of complaint in the circuit court of Logan County against J. P. Hager & Company, a corporation, and others, praying: (1) That decrees of sale and confirmation, entered in the school land suit of State v. Eddie Adams et al., in so far as the same apply to a tract of land described in the bill of complaint, and also designated therein as Tract No. 406, together with certain deeds based thereon, be set aside and held for naught; (2) that a deed of trust made by J. P. Hager & Company to Mark T. Valentine, trustee, be decreed to be a valid and subsisting lien against such property; and (3) that plaintiffs be permitted to pay all delinquent taxes against said property and to redeem the same. T. H. Paul and Mary Paul, purchasers under the decree of sale, J. E. Peck, the school land commissioner, and Pete Stelitano, the Pauls' grantee, prosecute this appeal from the decree of the circuit court setting aside said decrees, canceling the deeds based thereon, and decreeing that Fitchett, trustee, is the holder and owner of the bene-

ficial rights under the deed of trust, and, therefore, entitled to redeem the real estate described therein.

The real estate, Lot 5 and part of Lot 6, Block E, Deskins Addition to the City of Logan, involved in this suit, was sold on February 1, 1927, by K. F. Deskins to Lydia Gyongyosi, the latter agreeing by covenant in the deed to pay the taxes for that year. On September 15, 1927, said grantee and her husband conveyed the property to J. P. Hager & Company. On January 13, 1928, J. P. Hager & Company conveyed the property to Mark T. Valentine, trustee, in trust "to secure unto the Bank of Logan & Trust Company, a corporation, the payment of the principal and all interest that may accrue thereon, of that certain negotiable, promissory note, for the principal sum of Three Thousand Dollars ($3,000.00) bearing date the 4th day of January, 1928, which said note is executed by J. P. Hager & Company, a corporation, as aforesaid, payable to the order of J. M. McCoach & Company, one hundred twenty (120) days after the date thereof, and is endorsed by said J. M. McCoach & Company and S. P. Hager; and also to secure the payment of any renewals, and irrespective of any change of endorsers on such renewal notes, and any and all interest that may accrue thereon; and also to secure unto said The Bank of Logan & Trust Company, a corporation, as aforesaid, the payment of said sum of Three Thousand Dollars ($3,000.00) and any and all interest that may accrue thereon, irrespective of any changes that may be made in the note or notes evidencing such indebtedness. * * * " In 1930 the Bank of Logan & Trust Company sold the principal part of its assets, including the Hager note, to the First National Bank of Logan and the balance thereof to the Guyan Valley Bank. The Guyan Valley Bank later was taken over by the First National Bank of Logan. J. P. Hager & Company discontinued business in 1930 or 1931. By stipulation it appears that on September 1, 1931, the First National Bank of Logan was the only banking institution in Logan County.

On October 26, 1931, J. E. Peck brought the school land suit for the purpose of selling 1,008 separate and distinct lots and parcels of land, theretofore sold to the State for 1927 taxes, including Tract No. 406. The allegation in the bill of complaint in that suit, which deals with the last-mentioned tract, reads:

"Tract No. 406, Lot 5 and part of 6, Block E, Deskins Addition, delinquent in the name of K. F. Deskins for years 1927, 1929, and 1930. The defendant J. P. Hager & Company, a corporation, is the present owner of this tract subject to a deed of trust recorded in 1928 in Trust Deed Book X at page 405 to the defendant, Mark T. Valentine, trustee."

The summons, containing some nineteen pages, was printed, grouping all parties having an interest in a particular tract opposite the listing of such tract. The names of K. F. Deskins, J. P. Hager & Company, a corporation, and Mark T. Valentine, trustee, were listed thereon in connection with Tract No. 406, and service, according to the returns, was had on said parties. So far as this record is concerned no one having any possible interest in or claim to the property other than the three listed above, was made a party by the bill of complaint, or included in the summons in the school land suit.

After the decree of sale of June 14, 1932, Tract 406 was bid in by Claude A. Joyce, as agent of T. H. Paul, for $35.00. This sale, together with a number of others, was confirmed by decree of October 24, 1932. The commissioner on November 19, 1932, executed his deed to Joyce. On December 12, 1932, Joyce conveyed to T. H. Paul and Mary Paul; and on September 19, 1933, the Pauls sold the tract to Pete Stelitano for $1,600.00.

Shortly before the purchase by Stelitano the First National Bank, which then held a renewal of the note originally discounted by the Bank of Logan & Trust Company, became insolvent and was taken over by the state banking commissioner. In 1936 the receiver took judg-

ment on the renewal note against the maker and endorsers. Thereupon, McCoach & Company paid off the judgment, and upon its request the debt owing from J. P. Hager & Company, as represented by the promissory note, together with all security therefor, especially the lien of the deed of trust (1928), was, by written assignment, executed by the receiver and joined in by McCoach & Company, transferred to J. W. Fitchett, trustee, to be held by him as further security for a certain bonded indebtedness described in another deed of trust (1925) executed by McCoach & Company.

Process was issued in the instant suit December 3, 1936. The bill of complaint, filed at rules, alleges, in part, that the ownership of the note and the security of the deed of trust, at the time of the bringing of the school land suit, had passed from the Bank of Logan & Trust Company into the First National Bank of Logan; that the Bank of Logan & Trust Company was no longer in business; that defendants, J. P. Hager & Company, S. P. Hager and Mark T. Valentine, trustee, plaintiff, J. M. McCoach & Company, and First National Bank of Logan, the holder of the note at the time of institution of the school land suit, had no knowledge of the inclusion of Tract 406 in such school land suit, until long after Stelitano's purchase; and that such proceedings, in so far as Tract 406 was concerned, and the deeds based thereon were null and void as to the plaintiffs and as to defendants J. P. Hager & Company, S. P. Hager and Mark T. Valentine, trustee, "because the defendants Lydia Gyongyosi, John Gyongyosi and S. P. Hager, and the plaintiff, J. M. McCoach & Company, the real parties in interest, were not made parties to such school land suit."

The trial chancellor in setting aside the school land proceedings as to Tract 406 based his decision on lack of necessary parties, holding that Lydia Gyongyosi was a necessary party, and also that the service on J. P. Hager & Company was insufficient.

On the hearing on this appeal, plaintiffs still insist that Lydia Gyongyosi, S. P. Hager and J. M. McCoach & Com-

pany were necessary parties, and, for the first time, make it clear that they also deem failure to make Bank of Logan & Trust Company a party fatal to jurisdiction.

On the date of the bringing of the school land suit, the statute provided that in such suit "the former owner of any such tract of land at the time of the forfeiture thereof, or the person in whose name the same is forfeited, shall, if known, be made a defendant therein, and all persons claiming title to or interest in any such lands shall also, as far as known, be made defendants therein." Code, 37-3-10.

Lydia Gyongyosi, as grantee of record of Deskins, who, in turn, had transferred her interest to Hager & Company prior to the sale, is, we think, under Code, 37-3-10, a necessary party. See *Neal* v. *Wilson,* 79 W. Va. 482, 92 S. E. 136; *Jenkins* v. *Kirby,* 90 W. Va. 436, 111 S. E. 307, to the effect that a person who, at the time of a tax sale, occupies the position of grantee of the person in whose name the property was returned delinquent as well as former owner at the time of sale, is a necessary party to a school land suit. As suggested, we think the rule in these cases should extend to a grantee of the person in whose name the property was returned delinquent notwithstanding said grantee had conveyed the property away prior to the time of sale.

A *cestui que trust* in a recorded deed of trust, is a known claimant either to the title to the land or some interest therein and is a necessary party. *Bank of Quinwood* v. *Becker, Com'r., etc.,* 119 W. Va. 534, 194 S. E. 849; *Asbury* v. *Adkins,* 107 W. Va. 628, 149 S. E. 831. It is claimed on the part of the plaintiffs that S. P. Hager and McCoach & Company, as endorsers on the note described in, and secured by, the deed of trust, occupy a position equal to that of the Bank of Logan & Trust Company, the named beneficiary in such deed of trust. We are of opinion that, at the time of bringing of suit, S. P. Hager and McCoach & Company, in their capacity of endorsers, had no such "title to or interest in" the property, as contemplated by the statute, and therefore in such capacity

were not necessary parties. Any interest that McCoach & Company may have, must, of necessity, be through the Bank of Logan & Trust Company, the *cestui que trust*. If McCoach & Company and Fitchett, trustee, are entitled to redeem, it is by virtue of the mesne assignments of the rights originally secured to the Bank of Logan & Trust Company, as holder of the note, through the deed of trust. Failure to include the Bank of Logan & Trust Company, although it might be made to appear later that its rights had been assigned, is sufficient to set aside the decrees as to Tract 406. In the absence of actual notice, the recorded deed of trust of Hager & Company to Valentine, trustee, gave the school commissioner notice of the interest of the Bank of Logan & Trust Company in the property. *Neal* v. *Wilson, supra,* 485 of 79 W. Va.; *Ellis* v. *Hager,* 87 W. Va. 313, 319, 104 S. E. 607. Plaintiffs, standing in the place of the beneficiary under the trust, are entitled, because of the failure to make such beneficiary a party, to challenge the court's jurisdiction. *State* v. *Musgrave,* 109 W. Va. 247, 250, 153 S. E. 515.

J. P. Hager & Company which, at the time of the tax sale, was owner of the property, subject to the deed of trust, was a necessary party. *Neal* v. *Wilson, supra; Jenkins* v. *Kirby, supra.* Whether the service on it was sufficient, however, is not essential to a decision under the circumstances. Suffice to say that the members of the Court entertain grave doubts as to the sufficiency of that service.

The insufficiency of the school land suit on the jurisdictional ground of defect in parties renders it unnecessary and improper for this Court to decide whether or not there was fraud, actual or constructive, in the conveyance of the title to the property in question to the Pauls at the school commissioner's sale.

Under the foregoing circumstances, we think that the decree of the circuit court should be and the same is hereby affirmed.

*Affirmed.*